NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHANIEL JEROME WILLINGHAM, | No. 08-17387 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-03744-MMC |
| v. | |
| CITY OF SAN LEANDRO, a public entity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Nathaniel Jerome Willingham appeals pro se from the district court's

judgment after a jury trial in his 42 U.S.C. § 1983 action alleging, inter alia, that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

police officers lacked probable cause to arrest him for public intoxication. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an order for judgment as a matter of law. *Torres v. City of L.A.*, 548 F.3d 1197, 1205 (9th Cir. 2008). We review for prejudice the denial of requested jury instructions. *Criswell v. Western Airlines, Inc.*, 709 F.2d 544, 552 (9th Cir. 1983). We review for sufficiency of evidence a jury's verdict. *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 651 n.5 (9th Cir. 2005). We review for an abuse of discretion evidentiary rulings. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). We affirm.

Willingham contends in error that the district court dismissed counts three and four of his Amended Complaint; it did not.

The district court properly denied Willingham's motion for judgment as a matter of law. Under California Penal Code section 647(f), officers may arrest a suspect whenever they have probable cause to believe he violated the statute regardless of whether or not the arrestee could have been properly convicted of a violation. *See In re R.K.*, 160 Cal. App. 4th 1615, 1624 (2008) (recognizing that "regardless of how an intoxicated person comes to be in a public place, the police must necessarily have the authority to arrest and remove that person" even if a

subsequent conviction might be improper.) (citations and internal quotation marks omitted).

Willingham's remaining challenges to this ruling are unavailing as they concern the facts properly found by the jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

The jury's verdict was supported by "substantial evidence." *Watec Co., Ltd.*, 403 F.3d at 651, n 5.

Willingham failed to demonstrate that he was prejudiced by the district court's decision not to provide certain proposed instructions to the jury. *Criswell*, 709 F.2d at 552.

The district court did not abuse its discretion either by admitting impeachment evidence of Willingham's disbarment, *see U.S. v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989) (affirming introduction of defendant's 12-year-old disbarment as impeachment evidence in criminal case), or by excluding evidence of alleged misconduct by a police officer, *see* Fed. R. Evid. 404(b) ("Evidence of

IL/RESEARCH

other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

The district court did not abuse its discretion by denying Willingham's motion to disqualify the district court judge. *See Liteky v.United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We affirm summary judgment for defendants on Willingham's claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See Fisher v. City of San Jose*, 558 F.3d 1069, 1085 (9th Cir. 2009) (en banc) (holding jury's verdict against plaintiff on Fourth Amendment claim mooted his *Monell* claim).

We do not consider Willingham's contention that the district court improperly denied his motion to continue the trial because he has not provided us with a record concerning this ruling. *See Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (dismissing appeal of pro se appellant who did not ensure that the court had a complete trial transcript to enable review of his contentions).

Willingham's remaining contentions are unpersuasive.

**AFFIRMED.**

IL/RESEARCH

08-17387