**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4762**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER ANTWONE BLACKWOOD,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 09-11213)

Submitted:  September 22, 2011     Decided:  October 11, 2011

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Antwone Blackwood pled guilty pursuant to a written plea agreement to maintaining a drug-involved premises, 21 U.S.C. § 856(a)(1), (b) (2006), and possession of a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The Government filed an Information of Prior Conviction pursuant to 21 U.S.C. § 851 (2006), stating that Blackwood committed the subject offenses after a prior state felony drug conviction for possession with intent to sell and deliver cocaine (two counts) became final. Blackwood was sentenced to eighty-five months' imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating in his view there were no meritorious issues for appeal, but questioning whether the district court erred in finding Blackwood's prior North Carolina drug conviction for which Blackwood received a sentence of six to eight months "a crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 922(g). This court affirmed the district court's judgment. United States v. Blackwood, No. 09-4762, 2010 WL 707682 (4th Cir. Mar. 2, 2010) (unpublished).

On October 4, 2010, the Supreme Court of the United States granted Blackwood's petition for a writ of certiorari,

2

vacated this court's judgment and remanded the case for further consideration in light of Carachuri-Rosendo v. Holder, 560 U.S. __, 130 S. Ct. 2577 (2010). On March 23, 2011, the appeal was placed in abeyance for United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc). On September 16, 2011, Blackwood filed a joint motion to remand for resentencing in light of Simmons. We affirm Blackwood's conviction for maintaining a drug-involved premises, vacate the § 922(g) conviction and sentence and remand to the district court for reconsideration of the conviction and sentence in light of Carachuri-Rosendo and Simmons.

In Simmons, this court held that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence. See Simmons, 2011 WL 3607266, at *3, *7-*8. Under N.C. Gen. Stat. § 15A-1340.17(c)-(d), assuming counsel's assertions in his Anders brief are correct, the most Blackwood faced at sentencing was eight months. Thus, under Simmons, Blackwood's May 22, 2006 conviction should not have been a predicate felony for the § 922(g) conviction because it was not punishable by a sentence exceeding a year.

In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues for

3

appeal. We therefore affirm Blackwood's conviction and sentence for maintaining a drug-involved premises, vacate Blackwood's conviction and sentence for being a felon in possession of a firearm and remand with directions that the district court consider the conviction and sentence in light of Carachuri-Rosendo and Simmons and that the court should make the determination in the first instance as to whether the predicate conviction is a felony or misdemeanor and that the conviction should be reimposed if the predicate conviction is determined to be a felony. We deny as moot the joint motion to remand for resentencing. This court requires that counsel inform Blackwood, in writing, of the right to petition the Supreme Court of the United States for further review. If Blackwood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blackwood. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED