# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 3, 2010

No. 08-60199
Summary Calendar

Lyle W. Cayce
Clerk

GEORGE ERNEST ABAIDOO THOMPSON, also known as George
Thompson,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42-954-981

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

George Ernest Abaidoo Thompson, a citizen and native of Ghana, petitions
this court for review of a February 8, 2008, decision by the Board of Immigration
Appeals (Board) affirming the Immigration Judge's (IJ's) determination that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is ineligible for cancellation of removal.   Thompson also seeks review of an April 8, 2009, Board decision denying his motion to reopen.

In the February 8 order, the Board agreed with the IJ's determination that Thompson's 2006 New York conviction for seventh-degree criminal possession of a controlled substance qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) because it corresponds to the recidivist provisions of 21 U.S.C. § 844(a) when considered with his May 2004 conviction for the same offense.  The Board relied on its precedent in *Matter of Carachuri-Rosendo*, 24 I & N Dec. 382 (BIA 2007), *aff'd*, *Carachuri-Rosendo v. Holder*, 570 F.3d 263 (5th Cir. 2009), *rev'd*, 130 S. Ct. 2577 (2010) to reject the argument that Thompson's 2006 conviction should not qualify as an aggravated felony because it was not prosecuted as a recidivist offense under New York law, stating that "Fifth Circuit precedent does not presently impose any such requirement."

Since the Board's decision, the Supreme Court has held that to qualify as an aggravated felony, "the conduct prohibited by state law must be punishable as a felony under federal law" and "the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law." *Carachuri-Rosendo*, 130 S. Ct. at 2589.  Accordingly, "second or subsequent simple possession offenses are not aggravated felonies under § 1101(a)(43) when . . . the state conviction is not based on the fact of a prior conviction."  *Id.* at 2580.  In this case, though Thompson's 2006 conviction is a subsequent simple possession offense, the conviction is not a crime punishable as a felony under federal law, nor was the conviction pursuant to the state recidivist statute.

In accordance with the Supreme Court's ruling, Thompson's petition for review of the Board's February 8 order is GRANTED and the order of the BIA

No. 08-60199

is VACATED and REMANDED.  Thompson's petition for review of the Board's April 8 order is DISMISSED AS MOOT.[1]

---

[1] We do not address the portion of the Board's February 8 order rejecting Thompson's claims of ineffective assistance of counsel.