# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

No. 09-40934
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR JAVIER JIMENEZ-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-145-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Victor Javier Jimenez-Lopez appeals from his conviction for being illegally present in the United States after having been deported. He contends that his prior state conviction for assault with a deadly weapon, although a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii), was not an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(F). He also argues that his prior state conviction for possession of cocaine was not an aggravated felony because it was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40934

not prosecuted as a recidivist offense. Although he does not challenge the district court's calculation of the Sentencing Guidelines or its imposition of a sentence of 57 months, he argues that his case should be remanded to allow the district court to correct the judgment to reflect that he was convicted under 8 U.S.C. § 1326(b)(1).

Because Jimenez-Lopez did not raise this argument in the district court, we review for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 360-61 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

Jimenez-Lopez's prior conviction for assault with a deadly weapon resulted in a sentence of less than one year of imprisonment; thus, it was not an aggravated felony pursuant to § 1101(a)(43)(F). *See Mondragon-Santiago,* 564 F.3d at 368-69. In addition, in light of the Supreme Court's decision in *Carachuri-Rosendo v. Holder,* 130 S. Ct. 2577 (2010), his prior conviction for possession of cocaine does not qualify as an aggravated felony because it was not prosecuted as a recidivist offense. Although the district court erred by sentencing Jimenez-Lopez pursuant to § 1326(b)(2), the record does not indicate that the error affected Jimenez-Lopez's substantial rights. *See Mondragon-Santiago,* 564 F.3d at 369. Therefore, he has failed to demonstrate reversible plain error. However, we grant the Government's unopposed motion to reform the judgment of the district court to indicate that Jimenez-Lopez was convicted under § 1326(b)(1). *See id.*

AFFIRMED; MOTION FOR SUMMARY REFORMATION OF THE JUDGMENT GRANTED; ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE A BRIEF DENIED. JUDGMENT REFORMED TO INDICATE

No. 09-40934

THAT JIMENEZ-LOPEZ WAS SENTENCED PURSUANT TO 8 U.S.C. § 1326(b)(1).