# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 10, 2011

Lyle W. Cayce
Clerk

No. 10-60347
Summary Calendar

ITORO EDET OKON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 357 082

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Itoro Edet Okon, a native and citizen of Nigeria, petitions this court for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal and affirming the finding by the Immigration Judge (IJ) that Okon did not establish derivative citizenship and was removable after having been convicted of a controlled substance offense and an aggravated felony. Okon contends that the IJ erred in refusing to consider divorce documents from Nigeria, even though the documents were not authenticated in accordance with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 C.F.R. § 1287.6. He argues that the documents were proof of his claim for derivative citizenship.

Okon's nationality claim is a question of law that we review de novo. *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006). Deference is given to the BIA's interpretation of the Immigration and Nationality Act. *Heaven v. Gonzales*, 473 F.3d 167, 171 (5th Cir. 2006). Section 1287.6 provides a specific manner of authentication of foreign documents. It is undisputed that Okon did not comply with the requirements of the regulation. We have held that the BIA does not err in refusing to admit or consider foreign documents that are not properly authenticated. *Zhao v. Gonzales,* 404 F.3d 295, 299-304 (5th Cir. 2005). Therefore, the IJ and BIA did not err in refusing to consider the documents presented by Okon. There was no other evidence in the record to support Okon's claim of derivative citizenship. Moreover, there was evidence that Okon's parents were still married at the time of his mother's naturalization. Okon did not satisfy his burden of proof to establish citizenship. *See Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394 (5th Cir. 2006).

Okon also contends that the IJ erred in finding that he had been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(ii). He argues that the finding precluded him from being eligible for cancellation of removal under 8 U.S.C. § 1229b. The respondent argues that we should not consider Okon's challenge to the aggravated felony finding because the BIA did not address the argument, finding that Okon was removable on the separate ground that he had been convicted of a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i).

Okon fails to challenge the determination that he was removable under § 1227(a)(2)(B)(i) for having been convicted of a controlled substance offense. Thus, he has abandoned any challenge to this finding. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Nevertheless, the issue should be addressed because Okon's argues not only that he should not be removed on the

No. 10-60347

basis of an aggravated felony conviction; he contends that the finding precluded him from eligibility for cancellation of removal.

Okon's challenge to the finding that he had been convicted of an aggravated felony is without merit. The record shows that Okon was convicted in 2008 of the Texas offense of possession of marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1). The offense was enhanced based on his prior 2006 conviction for delivery of cocaine. *See* TEX. PENAL CODE ANN. § 12.43(b)(2). The documents show that Okon pleaded true to the enhancement. Because his 2008 drug conviction was based on the fact of a prior conviction, Okon's offense qualifies as a drug trafficking offense under the Controlled Substances Act. *See* 21 U.S.C. § 844(a); *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2581 (2010). Therefore, the IJ did not err in finding that Okon was removable after having been convicted of an aggravated felony and that he was ineligible for cancellation of removal. *See* 8 U.S.C.§§ 1227(a)(2)(A)(iii), 1229b(a); *Carachuri-Rosendo*, 130 S. Ct. at 2580, 2588-89.

Accordingly, Okon's petition for review is DENIED.

3