**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4135**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

      v.

JOSE ZAVALA ZAMBRANO, a/k/a Josue Sanbrano, a/k/a Jamie
Mariaga-Padillas, a/k/a Jamie Padillas,

          Defendant - Appellant.

**No. 10-4136**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

      v.

JOSE LUIS ZAVALA-SAMBRANO,

          Defendant - Appellant.

Appeals from the United States District Court for the Eastern
District of Virginia, at Richmond. Henry E. Hudson, District
Judge. (3:09-cr-00236-HEH-1; 3:09-cr-00424-HEH-1)

Submitted: May 31, 2011          Decided: June 14, 2011

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

Sherri A. Thaxton, SHERRI A. THAXTON, P.C., Richmond, Virginia, for Appellant.  Stephen David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jose Zavala Zambrano[*] appeals from the thirty-eight-month sentence imposed upon his guilty plea to illegally reentering the United States after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and the revocation of his supervised release and twelve-month term of imprisonment. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in each appeal.

In the illegal reentry case, counsel questions whether the district court committed a procedural sentencing error when it increased Zambrano's base offense level by eight for an aggravated felony based on his prior state conviction for domestic assault and battery. In the revocation of supervised release case, counsel questions whether there was sufficient evidence to find Zambrano violated a condition of his supervised release. Counsel concludes, however, that there are no meritorious issues in either appeal. Zambrano filed a pro se supplemental brief arguing that the district court committed a procedural sentencing error in imposing the eight-level increase for a prior aggravated felony conviction. Zambrano relies on a

---

[*] Although the Appellant names in these appeals are spelled differently, both names refer to the same individual, to whom we refer as "Zambrano."

recently decided Supreme Court case, Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). Finding no error we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Finally, we "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). We presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within—Guidelines sentence).

We first conclude that Zambrano's sentence is procedurally reasonable. Under U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(c) (2009), the base offense level of eight for illegal reentry is increased by eight additional

4

levels for a prior "conviction for an aggravated felony." An aggravated felony "has the meaning given that term" in 8 U.S.C. § 1101(a)(43) (2006). USSG § 2L1.2 n.3(A). Under 8 U.S.C. § 1101(a)(43)(F) (2006), an aggravated felony is a "crime of violence (as defined in [18 U.S.C. § 16 (2006)]) for which the term of imprisonment [is] at least one year." A crime of violence is defined, as relevant here, as "an offense that has as an element the use, attempted use, or threatened use of force against the person or property of another." 18 U.S.C. § 16.

In Carachuri-Rosendo, the Supreme Court held that, when determining what constitutes an aggravated felony, the state offense of record cannot be enhanced "ex post" by looking at facts outside the offense of conviction to make it an aggravated felony. Carachuri-Rosendo, 130 S. Ct. at 2586. The Court also held that penalties for an aggravated felony conviction only apply "when the noncitizen has actually been convicted of an aggravated felony — not when he merely could have been convicted of a felony but was not." Id. (internal quotation marks and alteration omitted). Here, Zambrano's assault and battery conviction was a crime of violence as defined by 18 U.S.C. § 16, and he received a sentence of at least one year. The court did not need to reach beyond the facts of conviction, as was the case in Carachuri-Rosendo, to

5

find that Zambrano's conviction fit the definition of an aggravated felony. Therefore, this claim fails.

Thus, in sentencing Zambrano for his illegal reentry conviction, the district court properly calculated the advisory Guidelines range, including the eight-level enhancement for aggravated felon status, considered the § 3553(a) factors, and explained its chosen sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the Guidelines range). Moreover, the sentence is substantively reasonable. The court sentenced Zambrano to thirty-eight months of imprisonment, within the advisory Guidelines range, based on Zambrano's extensive criminal history during the time he was illegally present in the United States. The court also stated that it believed that the sentence was sufficient, but no longer than necessary, to promote respect for the law and to deter any further illegal entries. Under these circumstances, Zambrano cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence.

We next turn to the appeal from the revocation of supervised release. The district court may revoke a term of supervised release when it finds by a preponderance of the evidence that the defendant has violated a condition of

6

supervised release. 18 U.S.C. § 3583(e)(3) (2006). A condition of Zambrano's supervised release was that he not reenter the United States illegally. Zambrano was charged with a supervised release violation based on his guilty plea to the charge that he reentered the United States illegally.

At the revocation of supervised release hearing, Zambrano admitted the violation based on this guilty plea, and the court revoked his supervised release. We conclude that there was sufficient evidence to prove by a preponderance that Zambrano violated a mandatory condition of his supervised release.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court as to the illegal reentry conviction and sentence in No. 10-4135 and the judgment revoking supervised release and imposing a twelve-month sentence in No. 10-4136. Counsel has filed a motion to withdraw from further representation. This court requires that counsel inform Zambrano, in writing, of the right to petition the Supreme Court of the United States for further review. If Zambrano requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on

7

Zambrano.  We therefore deny the motion to withdraw at this time.

We affirm the judgments of the district court in Nos. 10-4135 and 10-4136.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED