*566 Justice Stevens
delivered the opinion of the Court.
Petitioner Jose Angel Carachuri-Rosendo, a lawful permanent resident who has lived in the United States since he was five years old, faced deportation under federal law after he committed two misdemeanor drug possession offenses in Texas. For the first, possession of less than two ounces of marijuana, he received 20 days in jail. For the second, possession without a prescription of one tablet of a common anti-anxiety medication, he received 10 days in jail. After this second offense, the Federal Government initiated removal proceedings against him. He conceded that he was removable, but claimed he was eligible for discretionary relief from removal under 8 U. S. C. § 1229b(a).
To decide whether Carachuri-Rosendo is eligible to seek cancellation of removal or waiver of inadmissibility under § 1229b(a), we must decide whether he has been convicted of an “aggravated felony,” §1229b(a)(3), a category of crimes singled out for the harshest deportation consequences. The Court of Appeals held that a simple drug possession offense, committed after the conviction for a first possession offense became final, is always an aggravated felony. We now reverse and hold that second or subsequent simple possession offenses are not aggravated felonies under § 1101(a)(43) when, as in this case, the state conviction is not based on the fact of a prior conviction.
I
Under the Immigration and Nationality Act (INA), 66 Stat. 163, as amended, 8 U. S. C. § 1101 et seq., a lawful per *567 manent resident subject to removal from the United States may apply for discretionary cancellation of removal if, inter alia, he “has not been convicted of any aggravated felony,” § 1229b(a)(3). The statutory definition of the term “aggravated felony” includes a list of numerous federal offenses,[1] one of which is “illicit trafficking in a controlled substance .. . including a drug trafficking crime (as defined in section 924(c) of title 18).” § 1101(a)(43)(B). Section 924(c)(2), in turn, defines a “drug trafficking crime” to mean “any felony punishable under,” inter alia, “the Controlled Substances Act (21 U. S. C. 801 et seq.).” A felony is a crime for which the “maximum term of imprisonment authorized” is “more than one year.” 18 U. S. C. § 3559(a).[2]
The maze of statutory cross-references continues. Section 404 of the Controlled Substances Act criminalizes simple possession offenses, the type of offense at issue in this case. But it prescribes punishment for both misdemeanor and felony offenses. Except for simple possession of crack cocaine or flunitrazepam, a first-time simple possession offense is a federal misdemeanor; the maximum term authorized for such a conviction is less than one year. 21 U. S. C. § 844(a). However, a conviction for a simple possession offense “after a prior conviction under this subchapter [or] under the law of any State .. . has become final” — what we will call recidivist simple possession[3] — may be punished as a felony, with *568 a prison sentence of up to two years. Ibid.* **[4] Thus, except for simple possession offenses involving isolated categories of drugs not presently at issue, only recidivist simple possession offenses are “punishable” as a federal “felony” under the Controlled Substances Act, 18 U. S. C. § 924(c)(2). And thus only a conviction within this particular category of simple possession offenses might, conceivably, be an “aggravated felony” under 8 U. S. C. § 1101(a)(43).
For a subsequent simple possession offense to be eligible for an enhanced punishment, i. e., to be punishable as a felony, the Controlled Substances Act requires that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea. See 21 U. S. C. § 851(a)(1).[5]
[6]Notice, plus an opportunity to challenge the validity of the prior conviction used to enhance the current *569 conviction, §§851(b)-(c), are mandatory prerequisites to obtaining a punishment based on the fact of a prior conviction.[6] And they are also necessary prerequisites under federal law to “authorize” a felony punishment, 18 U. S. C. § 3559(a), for the type of simple possession offense at issue in this case.
Neither the definition of an “illicit trafficking” offense under 8 U. S. C. § 1101(a)(43)(B) nor that of a “drug trafficking crime” under 18 U. S. C. § 924(c)(2) describes or references any state offenses. The “aggravated felony” definition does explain that the term applies “to an offense described in this paragraph whether in violation of Federal or State law.” § 1101(a)(43). But in Lopez v. Gonzales, 549 U. S. 47, 56 (2006), we determined that, in order to be an “aggravated felony” for immigration law purposes, a state drug conviction must be punishable as a felony under federal law. We held that “a state offense constitutes a 'felony punishable under the Controlled Substances Act’ only if it proscribes conduct punishable as a felony under that federal law.” Id., at 60. Despite the fact that the Lopez petitioner had been punished as a felon under state law — and, indeed, received a 5-year sentence — the conduct of his offense was not punishable as a felony under federal law, and this prevented the state conviction from qualifying as an aggravated *570 felony for immigration law purposes. Id., at 55 (“Unless a state offense is punishable as a federal felony it does not count”).
In the case before us, the Government argues that Carachuri-Rosendo, despite having received only a 10-day sentence for his Texas misdemeanor simple possession offense, nevertheless has been “convicted” of an “aggravated felony” within the meaning of the INA. This is so, the Government contends, because had Carachuri-Rosendo been prosecuted in federal court instead of state court, he could have been prosecuted as a felon and received a 2-year sentence based on the fact of his prior simple possession offense. Our holding in Lopez teaches that, for a state conviction to qualify as an “aggravated felony” under the INA, it is necessary for the underlying conduct to be punishable as a federal felony. Id., at 60. We now must determine whether the mere possibility, no matter how remote, that a 2-year sentence might have been imposed in a federal trial is a sufficient basis for concluding that a state misdemeanant who was not charged as a recidivist has been “convicted” of an “aggravated felony” within the meaning of § 1229b(a)(3).
II
Carachuri-Rosendo was born in Mexico in 1978. He came to the United States with his parents in 1983 and has been a lawful permanent resident of Texas ever since. His common-law wife and four children are American citizens, as are his mother and two sisters.
Like so many in this country, Carachuri-Rosendo has gotten into some trouble with our drug laws. In 2004, he pleaded guilty to possessing less than two ounces of marijuana, a class B misdemeanor, and was sentenced to confinement for 20 days by a Texas court. See App. 19a-22a; Tex. Health & Safety Code Ann. §§ 481.121(a) and (b)(1) (West Supp. 2009). In 2005, he pleaded nolo contendere to possessing less than 28 grams — one tablet — of alprazolam *571 (known commercially as Xanax) without a prescription, a class A misdemeanor. See App. 31a-34a; Tex. Health & Safety Code Ann. §§ 481.117(a) and (b). Although Texas law, like federal law, authorized a sentencing enhancement if the prosecutor proved that Carachuri-Rosendo had been previously convicted of an offense of a similar class, the State did not elect to seek an enhancement based on his criminal history. App. 32a.
In 2006, on the basis of Carachuri-Rosendo’s second possession offense, the Federal Government initiated removal proceedings against him. Appearing pro se before the Immigration Judge, Carachuri-Rosendo did not dispute that his conviction for possessing one tablet of Xanax without a prescription made him removable,[7] but he applied for a discretionary cancellation of removal pursuant to 8 U. S. C. §1229b(a). Under that statutory provision, the Attorney General may cancel an order of removal or an order of inadmissibility so long as, inter alia, the noncitizen “has not been convicted of a[n] aggravated felony.” § 1229b(a)(3). The Immigration Judge held that petitioner’s second simple possession conviction was an “aggravated felony” that made him ineligible for cancellation of removal.
The Board of Immigration Appeals (BIA) followed Circuit precedent and affirmed that decision, but it disagreed with the Immigration Judge’s legal analysis. In its en bane opinion, the BIA ruled that in cases arising in Circuits in which the question had not yet been decided, the BIA would not treat a second or successive misdemeanor conviction as an aggravated felony unless the conviction contained a finding that the offender was a recidivist. In re Carachuri-Rosendo, 24 I. & N. Dec. 382, 387, 391 (2007).
The BIA explained that the statutory question is complicated by the fact that “‘recidivist possession’” is not a *572 “discrete offense under Federal law.” Id., at 388. While most federal offenses are defined by elements that must be proved to a jury beyond a reasonable doubt, recidivist possession is an “amalgam of elements, substantive sentencing factors, and procedural safeguards.” Id., at 389. Section 844(a) defines simple possession by reference to statutory elements, but “facts leading to recidivist felony punishment, such as the existence of a prior conviction, do not qualify as ‘elements’ in the traditional sense.” Ibid.
The BIA observed, however, that “21 U. S. C. §851 precludes a Federal judge from enhancing a drug offender’s sentence on the basis of recidivism absent compliance with a number of safeguards that, among other things, serve to protect the right of the accused to notice and an opportunity to be heard as to the propriety of an increased punishment based on prior convictions.” Ibid. Therefore, these requirements “are part and parcel of what it means for a crime to be a ‘recidivist’ offense.” Id., at 391. “[Ujnless the State successfully sought to impose punishment for a recidivist drug conviction,” the BIA concluded, a state simple possession “conviction cannot ‘proscribe conduct punishable as’ recidivist possession” under federal law. Ibid.
On review, the Court of Appeals affirmed the BIA’s decision in Carachuri-Rosendo’s case, reading our decision in Lopez as dictating its outcome. “[I]f the conduct proscribed by state offense could have been prosecuted as a felony” under the Controlled Substances Act, the court reasoned, then the defendant’s conviction qualifies as an aggravated felony. 570 F. 3d 263, 267 (CA5 2009) (citing Lopez, 549 U. S., at 60). The court deemed its analysis “[t]he hypothetical approach,” a term it derived from its understanding of our method of analysis in Lopez. 570 F. 3d, at 266, and n. 3; see also United States v. Pacheco-Diaz, 513 F. 3d 776, 779 (CA7 2008) (per curiam) (employing the “hypothetical-federal-felony approach”). Under this approach, as the Court of Appeals understood it, courts “g[o] beyond the state statute’s *573 elements to look at the hypothetical conduct a state statute proscribes.” 570 F. 3d, at 266, n. 3. Accordingly, any “conduct” that “hypothetically” “could have been punished as a felony” “had [it] been prosecuted in federal court” is an “aggravated felony” for federal immigration law purposes. Id., at 265. In applying this hypothetical approach, the Court of Appeals did not discuss the §851 procedural requirements. Instead, it concluded that because Carachuri-Rosendo’s “conduct” could have been prosecuted as simple possession with a recidivist enhancement under state law — even though it was not — it could have also been punished as a felony under federal law. Thus, in the Court of Appeals’ view, his conviction for simple possession under state law, without a recidivist enhancement, was an “aggravated felony” for immigration law purposes.[8]
We granted certiorari to resolve the conflict among the Courts of Appeals over whether subsequent simple possession offenses are aggravated felonies.[9] 558 U. S. 1091 (2009).
Ill
When interpreting the statutory provisions under dispute, we begin by looking at the terms of the provisions and the “eommonsense conception” of those terms. Lopez, 549 U. S., *574 at 53. Carachuri-Rosendo is ineligible for cancellation of removal only if he was “convicted of a[n] aggravated felony,” 8 U. S. C. § 1229b(a)(3), which, in this case, could only be a conviction for “illicit trafficking in a controlled substance ... including a drug trafficking crime,” § 1101(a)(43)(B).
A recidivist possession offense such as Carachuri-Rosendo’s does not fit easily into the “everyday understanding” of those terms, Lopez, 549 U. S., at 53. This type of petty simple possession offense is not typically thought of as an “aggravated felony” or as “illicit trafficking.” We explained in Lopez that “ordinarily ‘trafficking’ means some sort of commercial dealing.” Id., at 53-54 (citing Black’s Law Dictionary 1534 (8th ed. 2004». And just as in Lopez, “[cjommerce . . . was no part of” Caraehuri-Rosendo’s possessing a single tablet of Xanax, “and certainly it is no element of simple possession.” 549 U. S., at 54. As an initial matter, then, we observe that a reading of this statutory scheme that would apply an “aggravated” or “trafficking” label to any simple possession offense is, to say the least, counterintuitive and “unorthodox,” ibid.
The same is true for the type of penalty at issue. We do not usually think of a 10-day sentence for the unauthorized possession of a trivial amount of a prescription drug as an “aggravated felony.” A “felony,” we have come to understand, is a “serious crime usu[ally] punishable by imprisonment for more than one year or by death.” Black’s Law Dictionary 694 (9th ed. 2009) (hereinafter Black’s). An “aggravated” offense is one “made worse or more serious by circumstances such as violence, the presence of a deadly weapon, or the intent to commit another crime.” Id., at 75. The term “aggravated felony” is unique to Title 8, which covers immigration matters; it is not a term used elsewhere within the United States Code. Our statutory criminal law classifies the most insignificant of federal felonies — “Class E” felonies — as carrying a sentence of “less than five years but *575 more than one year.” 18 U. S. C. §3559(a)(5). While it is true that a defendant’s criminal history might be seen to make an offense “worse” by virtue thereof, Black’s 75, it is nevertheless unorthodox to classify this type of petty simple possession recidivism as an “aggravated felony.”
Of course, as Justice Souter observed in his opinion for the Court in Lopez, Congress, like “Humpty Dumpty,” has the power to give words unorthodox meanings. 549 U. S., at 54. But in this case the Government argues for a result that “the English language tells us not to expect,” so we must be “very wary of the Government’s position.” Ibid. Because the English language tells us that most aggravated felonies are punishable by sentences far longer than 10 days, and that mere possession of one tablet of Xanax does not constitute “trafficking,” Lopez instructs us to be doubly wary of the Government’s position in this ease.[10]
IV
The Government’s position, like the Court of Appeals’ “hypothetical approach,” would treat all “conduct punishable as a felony” as the equivalent of a “conviction” of a felony when *576 ever, hypothetically speaking, the underlying conduct could have received felony treatment under federal law. We find this reasoning — and the “hypothetical approach” itself — unpersuasive for the following reasons.
First, and most fundamentally, the Government’s position ignores the text of the INA, which limits the Attorney General’s cancellation power only when, inter alia, a nonciti-zen “has . . . been convicted of a[n] aggravated felony.” 8 U. S. C. § 1229b(a)(3) (emphasis added). The text thus indicates that we are to look to the conviction itself as our starting place, not to what might have or could have been charged. And to be convicted of an aggravated felony punishable as such under the Controlled Substances Act, the “maximum term of imprisonment authorized” must be “more than one year,” 18 U. S. C. § 3559(a)(5). Congress, recall, chose to authorize only a 1-year sentence for nearly all simple possession offenses, but it created a narrow exception for those cases in which a prosecutor elects to charge the defendant as a recidivist and the defendant receives notice and an opportunity to defend against that charge. See 21 U. S. C. §851; Part I, supra.
Indisputably, Carachuri-Rosendo’s record of conviction contains no finding of the fact of his prior drug offense. Carachuri-Rosendo argues that even such a finding would be insufficient, and that a prosecutorial charge of recidivism and an opportunity to defend against that charge also would be required before he could be deemed “convicted” of a felony punishable under the Controlled Substances Act. In the absence of any finding of recidivism, we need not, and do not, decide whether these additional procedures would be necessary. Although a federal immigration court may have the power to make a recidivist finding in the first instance, see, e. g., Almendarez-Torres v. United States, 523 U. S. 224, 247 (1998), it cannot, ex post, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal *577 law.[11] Carachuri-Rosendo was not actually “convicted,” § 1229b(a)(3), of a drug possession offense committed “after a prior conviction . . . has become final,” § 844(a), and no subsequent development can undo that history.[12]
*578 The Government contends that if Carachuri-Rosendo had been prosecuted in federal court for simple possession under 21 U. S. C. § 844(a) under identical circumstances, he would have committed an “aggravated felony” for immigration law purposes. Tr. of Oral Arg. 36-37. This is so, the Government suggests, because the only statutory text that matters is the word “punishable” in 18 U. S. C. § 924(c)(2): Whatever conduct might be “punishable” as a felony, regardless of whether it actually is so punished or not, is a felony for immigration law purposes. But for the reasons just stated, the circumstances of Carachuri-Rosendo’s prosecution were not identical to those hypothesized by the Government. And the Government’s abstracted approach to § 924(c)(2) cannot be reconciled with the more concrete guidance of 8 U. S. C. § 1229b(a)(3), which limits the Attorney General’s cancellation authority only when the noncitizen has actually been “convicted of a[n] aggravated felony” — not when he merely could have been convicted of a felony but was not.
Second, and relatedly, the Government’s position fails to give effect to the mandatory notice and process requirements contained in 21 U. S. C. §851. For federal-law purposes, a simple possession offense is not “punishable” as a felony unless a federal prosecutor first elects to charge a defendant as a recidivist in the criminal information. The statute, as described in Part I, supra, at 568-569, speaks in mandatory terms, permitting “[n]o person” to be subject to a recidivist enhancement — and therefore, in this case, a felony sentence — “unless” he has been given notice of the Government’s intent to prove the fact of a prior conviction. Federal law also gives the defendant an opportunity to challenge the fact of the prior conviction itself. §§851(b)-(c). The Government would dismiss these procedures as meaningless, *579 so long as they may be satisfied during the immigration proceeding.
But these procedural requirements have great practical significance with respect to the conviction itself and are integral to the structure and design of our drug laws. They authorize prosecutors to exercise discretion when electing whether to pursue a recidivist enhancement. See United States v. Dodson, 288 F. 3d 153, 159 (CA5 2002) (“Whereas the prior version of [§ 851(a)] made enhancements for prior offenses mandatory, the new statutory scheme gave prosecutors discretion whether to seek enhancements based on prior convictions”). Because the procedure^ are prerequisites to an enhanced sentence, §851 allows federal prosecutors to choose whether to seek a conviction that is “punishable” as a felony under § 844(a). Underscoring the significance of the §851 procedures, the United States Attorney’s Manual places decisions with respect to seeking recidivist enhancements on par with the filing of a criminal charge against a defendant. See Dept, of Justice, United States Attorneys’ Manual §9-27.300(B) (1997), online at http:// www.justice.gov/usao/eousa/foia_reading_room/usam/title9/ 27mcrm.htm#9-27.300 (as visited June 3, 2010, and available in Clerk of Court’s case file) (“Every prosecutor should regard the filing of an information under 21 U. S. C. § 851 . . . as equivalent to the filing of charges”).
Many state criminal codes, like the federal scheme, afford similar deference to prosecutorial discretion when prescribing recidivist enhancements. Texas is one such State. See, e. g., Tex. Penal Code Ann. §§ 12.42, 12.43 (West 2003 and Supp. 2009) (recidivist enhancement is available “[i]f it is shown on the trial” that defendant was previously convicted of identified categories of felonies and misdemeanors). And, in this case, the prosecutor specifically elected to “[ajbandon” a recidivist enhancement under state law. App. 32a (reproducing state judgment). Were we to permit a federal immigration judge to apply his own recidivist enhancement after *580 the fact so as to make the noncitizen’s offense “punishable” as a felony for immigration law purposes, we would denigrate the independent judgment of state prosecutors to execute the laws of those sovereigns.
Third, the Court of Appeals’ hypothetical felony approach is based on a misreading of our decision in Lopez. We never used the term “hypothetical” to describe our analysis in that case. We did look to the “proscribed conduct” of a state offense to determine whether it is “punishable as a felony under that federal law.” 549 U. S., at 60. But the “hypothetical approach” employed by the Court of Appeals introduces a level of conjecture at the outset of this inquiry that has no basis in Lopez. It ignores both the conviction (the relevant statutory hook) and the conduct actually punished by the state offense. Instead, it focuses on facts known to the immigration court that could have but did not serve as the basis for the state conviction and punishment. As the Sixth Circuit has explained, this approach is really a “ ‘hypothetical to a hypothetical.’” Rashid v. Mukasey, 531 F. 3d 438, 445 (2008). Not only does the Government wish us to consider a fictional federal felony — whether the crime for which Carachuri-Rosendo was actually convicted would be a felony under the Controlled Substances Act — but the Government also wants us to consider facts not at issue in the crime of conviction (i. e., the existence of a prior conviction) to determine whether Carachuri-Rosendo could have been charged with a federal felony. This methodology is far removed from the more focused, categorical inquiry employed in Lopez.
Fourth, it seems clear that the Government’s argument is inconsistent with common practice in the federal courts. It is quite unlikely that the “conduct” that gave rise to Caraehuri-Rosendo’s conviction would have been punished as a felony in federal court. Under the United States Sentenc-' ing Guidelines, Carachuri-Rosendo’s recommended sentence, based on the type of controlled substance at issue, would not *581 have exceeded one year and very likely would have been less than six months. See United States Sentencing Commission, Guidelines Manual §2D2.1(a)(3) (Nov. 2009) (base offense level of 4). And as was true in Lopez, the Government has provided us with no empirical data suggesting that “even a single eager Assistant United States Attorney” has ever sought to prosecute a comparable federal defendant as a felon. 549 U. S., at 57-58. The Government’s “hypothetical” approach to this case is therefore misleading as well as speculative, in that Carachuri-Rosendo’s federal-court counterpart would not, in actuality, have faced any felony charge.
Finally, as we noted in Leocal v. Ashcroft, 543 U. S. 1, 11, n. 8 (2004), ambiguities in criminal statutes referenced in immigration laws should be construed in the noncitizen’s favor. And here the critical language appears in a criminal statute, 18 U. S. C. § 924(e)(2).
We note that whether a noncitizen has committed an “aggravated felony” is relevant, inter alia, to the type of relief he may obtain from a removal order, but not to whether he is in fact removable. In other words, to the extent that our rejection of the Government’s broad understanding of the scope of “aggravated felony” may have any practical effect on policing our Nation’s borders, it is a limited one. Carachuri-Rosendo, and others in his position, may now seek cancellation of removal and thereby avoid the harsh consequence of mandatory removal. But he will not avoid the fact that his conviction makes him, in the first instance, removable. Any relief he may obtain depends upon the discretion of the Attorney General.
* % *
In sum, the Government is correct that to qualify as an “aggravated felony” under the INA, the conduct prohibited by state law must be punishable as a felony under federal law. See Lopez, 549 U. S., at 60. But as the text and structure of the relevant statutory provisions demonstrate, the *582 defendant must also have been actually convicted of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant’s conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be “convicted of a[n] aggravated felony” before he loses the opportunity to seek cancellation of removal. 8 U. S. C. § 1229b(a)(3). The Court of Appeals, as well as the Government, made the logical error of assuming that a necessary component of an aggravated felony is also sufficient to satisfy its statutory definition.
V
We hold that when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been “convicted” under § 1229b(a)(3) of a “felony punishable” as such “under the Controlled Substances Act,” 18 U. S. C. § 924(c)(2). The prosecutor in Carachuri-Rosendo’s case declined to charge him as a recidivist. He has, therefore, not been convicted of a felony punishable under the Controlled Substances Act.
The judgment of the Court of Appeals is reversed.

It is so ordered.

The term “aggravated felony” “applies to an offense . . . whether in violation of Federal or State law” (or, in certain circumstances, “the law of a foreign country”). 8 U. S. C. § 1101(a)(43).

 The Controlled Substances Act itself defines the term ‘Telón/’ as “any Federal or State offense classified by applicable Federal or State law as a felony.” 21 U. S. C. §802(13). The Government concedes that the classification of felonies under 18 U. S. C. § 3559(a) controls in this case. Brief for Respondent 4.

 Although § 844(a) does not expressly define a separate offense of “recidivist simple possession,” the fact of a prior conviction must nonetheless be found before a defendant is subject to a felony sentence. True, the statu *568 tory scheme comports with Almendarez-Torres v. United, States, 523 U. S. 224, 247 (1998), in which we explained that the Constitution does not require treating recidivism as an element of the offense. In other words, Congress has permissibly set out a criminal offense for simple possession whereby a recidivist finding by the judge, by a preponderance of the evidence, authorizes a punishment that exceeds the statutory maximum penalty for a simple possession offense. But the fact of a prior conviction must still be found — if only by a judge and if only by a preponderance of the evidence — before a defendant is subject to felony punishment. For present purposes, we therefore view §844(a)’s felony simple possession provision as separate and distinct from the misdemeanor simple possession offense that section also prescribes.

 The statute provides in relevant part: “Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year ... except that if he commits such offense after a prior conviction ... he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years ....” 21 U. S. C. § 844(a).

 This subsection provides: “No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.” § 851(a)(1).

 We have previously recognized the mandatory nature of these requirements, as have the Courts of Appeals. See United States v. LaBonte, 520 U. S. 751, 754, n. 1 (1997) (“We note that imposition of an enhanced penalty [for recidivism] is not automatic. ... If the Government does not file such notice [under 21 U. S. C. § 851(a)(1)] ... the lower sentencing range will he applied even though the defendant may otherwise be eligible for the increased penalty”); see also, e. g., United States v. Beasley, 495 F. 3d 142, 148 (CA4 2007); United States v. Ceballos, 302 F. 3d 679, 690-692 (CA7 2002); United States v. Dodson, 288 F. 3d 153, 159 (CA5 2002); United States v. Mooring, 287 F. 3d 725, 727-728 (CA8 2002). Although §851’s procedural safeguards are not constitutionally compelled, see Almendarez-Torres, 523 U. S., at 247, they are nevertheless a mandatory feature of the Controlled Substances Act and a prerequisite to securing a felony conviction under § 844(a) for a successive simple possession offense.

 But for trivial marijuana possession offenses (such as CarachuriRosendo's 2004 state offense), virtually all drug offenses are grounds for removal under 8 U. S. C. § 1227(a)(2)(B)(i).

 Since the Court of Appeals issued its decision in this case, CarachuriRosendo has been removed. Brief for Respondent 10-11. Neither party, however, has suggested that this case is now moot. If Carachuri-Rosendo was not convicted of an “aggravated felony,” and if he continues to satisfy the requirements of 8 U. S. C. § 1229b(a), he may still seek cancellation of removal even after having been removed. See § 1229b(a) (“The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable horn the United States if the alien” meets several criteria).

 Compare 570 F. 3d 263 (CA5 2009) (holding state conviction for simple possession after prior conviction for simple possession is a felony under the Controlled Substances Act and thus an aggravated felony) and Fernandez v. Mukasey, 544 P. 3d 862 (CA7 2008) (same), with Berhe v. Gonzales, 464 F. 3d 74 (CA1 2006) (taking contrary view), Alsol v. Mukasey, 548 F. 3d 207 (CA2 2008) (same), Gerbier v. Holmes, 280 F. 3d 297 (CA3 2002) (same), and Rashid v. Mukasey, 531 F. 3d 438 (CA6 2008) (same).

 The Court stated in Lopez that "recidivist possession, see 21 U. S. C. § 844(a), clearly fall[s] within the definitions used by Congress in 8 U. S. C. § 1101(a)(43)(B) and 18 U. S. C. § 924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute ‘illicit trafficking in a controlled substance’ or ‘drug trafficking’ as those terms are used in ordinary speech.” 549 U. S., at 55, n. 6. Our decision today is not in conflict with this footnote; it is still true that recidivist simple possession offenses charged and prosecuted as such “clearly fall” within the definition of an aggravated felony. What we had no occasion to decide in Lopez, and what we now address, is what it means to be convicted of an aggravated felony. Lopez teaches us that it is necessary that the conduct punished under state law correspond to a felony punishable under the Controlled Substances Act to be an aggravated felony under § 1101(a)(43)(B). But it does not instruct as to whether the mere possibility that conduct could be — but is not — charged as an offense punishable as a felony under federal law is sufficient. *578 ibid., the Government will not have established that the defendant had a prior conviction for which the maximum term of imprisonment was 10 years or more (assuming the recidivist finding is a necessary precursor to such a sentence).

 Our decision last Term in Nijhawan v. Holder, 557 U. S. 29 (2009), also relied upon by the Government, is not to the contrary. In that case, we rejected the so-called categorical approach employed in cases like United States v. Rodriquez, 553 U. S. 377 (2008), when assessing whether, under 8 U. S. C. § 1101(a)(43)(M)(i), a noncitizen has committed “an offense that . . . involves fraud or deceit in which the loss to the . . . victims exceeds $10,000.” Our analysis was tailored to the “circumstance-specific” language contained in that particular subsection of the aggravated felony definition. Nijhawan, 557 U. S., at 38. And we specifically distinguished the “generic” categories of aggravated felonies for which .a categorical approach might be appropriate — including the “illicit trafficking” provision — from the “circumstance-specific” offense at hand. Id., at 36-39. Moreover, unlike the instant ease, there was no debate in Nijhawan over whether the petitioner actually had been “convicted” of fraud; we only considered how to calculate the amount of loss once a conviction for a particular category of aggravated felony has occurred.

 Linking our inquiry to the record of conviction comports with how we have categorized convictions for state offenses within the definition of generic federal criminal sanctions under the Armed Career Criminal Act (ACCA), 18 U. S. C. § 924(e). The United States urges that our decision in Rodriquez, 553 U. S. 377, an ACCA ease, supports its position in this case. Brief for Respondent 29-30. To the extent that Rodriquez is relevant to the issue at hand, we think the contrary is true. In that decision we considered whether a recidivist finding under state law that had the effect of increasing the “maximum term of imprisonment” to 10 years, irrespective of the actual sentence imposed, made the offense a “serious drug offense” within the meaning of 18 U. S. C. § 924(e)(1) and therefore an ACCA predicate offense. 553 U. S., at 382. We held that a recidivist finding could set the “maximum term of imprisonment,” but only when the finding is a part of the record of conviction. Id., at 389. Indeed, we specifically observed that “in those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense.” Ibid. In other words, when the recidivist finding giving rise to a 10-year sentence is not apparent from the sentence itself, or appears neither as part of the “judgment of conviction” nor the “formal charging document,”