# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

No. 09-20805
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTO PEREZ PANIAGUA, also known as Edwardo Chavez, also known as Jose Santo Felepe Paniag Perez, also known as Eduardo Chavez, also known as Jose Santo Perez, also known as Jose Perez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-281-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Santo Perez Paniagua (Perez Paniagua) pleaded guilty to illegally reentering the United States and was sentenced to a prison term of 33 months, at the bottom of the guidelines range, to be followed by three years of supervised release. He appeals his sentence, arguing that the district court improperly determined that his second state conviction for simple drug possession was an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C)'s eight-level offense-level enhancement.

In his opening brief, Perez Paniaugua correctly conceded that this argument was foreclosed by our then-current precedent. Shortly after Perez Paniagua filed his brief, however, the Supreme Court decided *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), holding that a second state offense for simple drug possession is not an aggravated felony where that conviction "has not been enhanced based on the fact of a prior conviction." *Carachuri-Rosendo*, 130 S. Ct. at 2589. In its brief, the Government acknowledges that the record does not establish that Perez-Paniagua's second simple drug-possession conviction was based on his prior simple possession offense. The Government thus concedes that the case should be remanded for resentencing.

Accordingly, Perez Paniagua's sentence is VACATED and the case is REMANDED FOR RESENTENCING.