**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2011

Lyle W. Cayce
Clerk

No. 09-20872

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVARO PIZANO-MURILLO, also known as Alvaro Murillo Pizano, also
known as Alvaro Pizano Murillo, also known as Alvaro P. Murillo, also known
as Alvaro Murillo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-345-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

In our previous opinion vacating Alvaro Pizano-Murillo's sentence and
remanding for resentencing, *United States v. Pizano-Murillo*, 2011 WL 1935464
(5th Cir. May 20, 2011), we ordered Pizano-Murillo's counsel, Cheryl Harris
Diggs, to show cause why she should not be sanctioned for failing to follow this
court's previous order to submit briefing on a certain issue. Counsel filed a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

timely response, but we find that she failed to show adequate cause why she should not be sanctioned.

This was the fourth order to show cause directed toward counsel in connection with this appeal. On January 21, 2010, we ordered counsel to show cause for failure to order a transcript and make financial arrangements with the court reporter as required by Federal Rule of Appellate Procedure 10(b). On July 16, 2010, we ordered counsel to show cause for failure to submit paper copies of her *Anders* brief as required by our local rules. On December 16, 2010, we ordered counsel to show cause for failure to timely file a brief and record excerpts for Pizano-Murillo. Finally, in our opinion of May 20, 2011, we found that counsel filed a wholly inadequate brief by failing to comply with the court's earlier order to brief the issue whether the application of an eight-level enhancement of Pizano-Murillo's sentence under U.S.S.G. § 2L1.2(b)(1)(C) was erroneous under *Carachuri-Rosendo v. Holder*, — U.S. —, 130 S. Ct. 2577 (2010). We therefore ordered counsel to show cause why she should not be denied payment for services rendered and expenses incurred in relation to this appeal.

In her response, counsel disagrees with our view that she failed to brief this issue, stating that it "was simply a misunderstanding of the expectation of detail the Court required and/or expected in this matter." However, counsel failed to even state the Supreme Court's basic holding in *Carachuri-Rosendo* that a second state offense for simple drug possession is not an aggravated felony if that conviction "has not been enhanced based on the fact of a prior conviction." *Id.* at 2589. Furthermore, she utterly failed to provide any evidentiary support for her statement—the single sentence in the brief that was directly responsive to the issue—that "none of Mr. Pizano-Murillo's misdemeanor convictions were enhanced under Tennessee's statute." It fell to the Government to document Pizano-Murillo's prior state drug possession convictions and to discuss the Tennessee statute of conviction to show that the imposition of the eight-level

No. 09-20872

enhancement under § 2L1.2(b)(1)(C) was erroneous. Finally, counsel entirely neglected to evaluate whether this error was harmful such that resentencing was required.

This shortcoming was not a simple matter of failing to submit paper copies of a brief or of failing to meet a filing deadline. The Government conceded both that the application of the enhancement was erroneous, and that remand for resentencing was required because the error was not harmless. In light of the seriousness of counsel's latest failure, and the string of show cause orders we have issued to counsel in this appeal, we hereby formally reprimand counsel Cheryl Harris Diggs for her conduct in this appeal and sanction her by denying her payment for services rendered in relation to this appeal. However, we do not deny her expenses incurred.

Counsel REPRIMANDED; fees DENIED; reimbursement for expenses PERMITTED upon application and appropriate documentation.