**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4047**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CEDRIC JULES STANLEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:08-cr-00235-BR-1)

_____

Submitted: September 15, 2011      Decided: October 6, 2011

_____

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Robert H. Hale, Jr., Daniel M. Blau, ROBERT H. HALE, JR. & ASSOCIATES, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial in September 2010, Cedric Jules Stanley was found guilty of possessing firearms after having been convicted of a crime punishable by more than one year in prison. See 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, Stanley argues that he lacks the predicate felony conviction necessary to sustain the guilty verdict. Stanley's argument hinges on his position that this court's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), is no longer good law. This case was initially put in abeyance for United States v. Simmons, No. 08-4475, which raised the same legal issue. Upon the issuance of Simmons, this case was removed from abeyance and is now ripe. For the reasons that follow, we vacate the criminal judgment, reverse Stanley's conviction, and remand this case to the district court for further proceedings.

Because Stanley stipulated at trial that he had a prior felony conviction, we will review his claim on appeal for plain error. To establish plain error, Stanley must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If the three elements of the plain error standard are met, we will exercise our discretion to notice error only if the error "seriously affects the fairness,

2

integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alteration omitted).

We first consider whether there is Simmons error in this case. Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for an individual who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to possess a firearm that has moved in or otherwise affected interstate commerce. Stanley had two prior North Carolina convictions that qualified as a predicate felony conviction under Harp.[1] Under North Carolina's structured sentencing scheme, see N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009), the maximum sentence Stanley could have received for either of these convictions was ten months' imprisonment, given his prior record levels.[2] Stanley thus advances that neither conviction qualifies as a "felony"

---

[1] First, in 1996, Stanley pled guilty in Wayne County Superior Court to being an accessory after the fact to common law robbery. Stanley received a sentence of eight to ten months' imprisonment, suspended. Next, in 1997, Stanley pled guilty to possession of cocaine and was again sentenced in the Wayne County Superior Court, this time to three to four months' imprisonment, suspended. In accord with then-controlling circuit precedent, the probation officer designated both of these convictions as felonies.

[2] Stanley submitted copies of his North Carolina judgments of conviction in conjunction with his appeal. We take judicial notice of those judgments. See Lolavar v. de Santibanes, 430 F.3d 221, 224 & n.2 (4th Cir. 2005) (taking judicial notice of state court records).

3

because neither was punishable by more than one year imprisonment.

At the time Stanley initially raised this argument, it was foreclosed by Harp. In Simmons, the majority of the en banc panel of this court decided that Harp had been overruled by the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct 2577 (2010). See Simmons, 649 F.3d 237, 2011 WL 3607266, at *3, *6-*8 (4th Cir. Aug. 17, 2011) (en banc). In light of Simmons, we conclude that Stanley does not have a predicate felony conviction necessary to support his § 922(g) conviction.

Further, the change in the law exacted by Simmons is sufficient to demonstrate "error" that is "plain." See Johnson v. United States, 520 U.S. 461, 467-68 (1997) ("[I]n a case such as this — where the law at the time of trial was settled and clearly contrary to the law at the time of appeal — it is enough that an error be 'plain' at the time of appellate consideration."). This error also substantially affects Stanley's rights because, under the Simmons analysis, his possession of firearms no longer violates federal law. See Olano, 507 U.S. at 734 (explaining that for an error to be said to have affected a defendant's substantial rights, "[i]t must have affected the outcome of the district court proceedings"). Finally, we elect to exercise our discretion to recognize this error. See id. at 736 ("The court of appeals should no doubt

4

correct a plain forfeited error that causes the conviction or sentencing of an actually innocent defendant.").

For these reasons, we vacate the criminal judgment, reverse Stanley's conviction, and remand this case to the district court for further proceedings.[3]  The Clerk is directed to issue the mandate forthwith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[3] We of course do not fault the Government or the district court for their reliance upon, and application of, unambiguous circuit authority at the time of Stanley's indictment and conviction.