**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4359**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

ANTOINE WILSON,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:10-cr-00213-F-2)

———————

Submitted:  September 22, 2011      Decided:  October 11, 2011

———————

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Wilson was charged with being in possession of a firearm having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Wilson filed a motion to dismiss the charges against him in light of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) ("We hold that when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior felony conviction, he has not been 'convicted'" of the enhanced offense). Wilson argued that he had no prior conviction punishable by a term of imprisonment exceeding one year. The district court denied Wilson's motion but allowed him to enter a conditional guilty plea preserving this issue for appeal. The court sentenced Wilson to twenty-six months' imprisonment, and Wilson timely appealed.

Following the issuance of this court's opinion in United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. 2011) (en banc), Wilson has filed in this court a motion to vacate his conviction and remand for further proceedings. The

2

Government does not oppose the motion.[1]  We grant Wilson's motion.

In reviewing the denial of a motion to dismiss the indictment, we review the district court's factual findings for clear error and its legal conclusions de novo.  United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005).

Under 18 U.S.C. § 922(g), it is unlawful for one previously convicted of a felony to possess "in or affecting commerce[] any firearm or ammunition."  A felony is defined as a conviction "in any court of [] a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g)(1).  At the time the district court denied Wilson's motion to dismiss, his argument that he had no prior felony convictions in the district court was foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005) (holding that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year" the court should consider "the maximum aggravated sentence that could be imposed

_____

[1] While the Government's response first notes that Wilson moved this court "to vacate [his] conviction and remand to the trial court," the response later states that the Government requests that Wilson's "sentence be vacated and the case remanded to the district court for resentencing."  However, as Wilson challenges only his conviction in this court, not his sentence, we assume that the Government's stated acquiescence in resentencing reflects an inadvertent clerical error.

3

for that crime upon a defendant with the worst possible criminal history" and not the maximum sentence that could be imposed on the actual defendant being sentenced). Subsequently, however, this court overruled Harp with its en banc decision in Simmons, (holding that consideration of hypothetical aggravating factors and criminal history is inappropriate when determining whether a prior offense constitutes a felony).

In view of our holding in Simmons, we grant Wilson's motion to vacate his conviction and remand the case to the district court for proceedings consistent with this opinion. Because we cannot determine from the current record whether, in light of Simmons, Wilson's prior conviction would qualify as a felony under § 922(g)(1), we express no opinion on that issue and leave that determination, as well as the companion question whether the judgment should be reimposed or the indictment dismissed, for the district court on remand.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The clerk is directed to issue the mandate forthwith.

VACATED AND REMANDED

---

[2] We of course do not fault the Government or the district court for reliance on, and application of, unambiguous circuit authority at the time of Wilson's indictment and conviction.

4