**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4510**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GEORGE DONTE WILSON,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00249-WO-1)

———————————

Submitted:  September 30, 2011      Decided:  October 11, 2011

———————————

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

———————————

Reversed and remanded by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Donte Wilson pled guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) (2006), reserving his right to appeal the issue of whether his prior convictions were punishable by more than one year of imprisonment. The offenses in question were prior North Carolina convictions for speeding to elude arrest, breaking and entering, and larceny after breaking and entering. A defendant with a criminal record similar to Wilson's faced a maximum possible sentence of less than one year under North Carolina law for each of these offenses. Wilson appealed, arguing that his prior state convictions were not "punishable by imprisonment for a term exceeding one year." The parties have filed a joint motion to vacate Wilson's sentence.

We recently held that, when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancement purposes, the Controlled Substance Act's inclusion of offenses "punishable by imprisonment for more than one year" refers to the maximum sentence that the defendant in question could have received, not the sentence that could have been imposed on a defendant with a more severe criminal history or one subject to an aggravated sentence. United States v. Simmons, 649 F.3d 237, 2011 WL 3607266, at *3 (4th Cir. Aug. 17,

2

2011) (en banc). The reasoning in <u>Simmons</u> applies with equal force to predicate convictions as defined in 18 U.S.C. § 922(g)(1). <u>See</u> <u>Carrachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577, 2586-87 (2010) (distinguishing between "conduct punishable as a felony" and conviction of a felony offense); <u>Simmons</u>, 2011 WL 3607266 at *8 (concluding that the North Carolina Structured Sentencing Act "creates separate offenses that in turn yield separate maximum punishments"). Thus, because Wilson's underlying state convictions were not punishable by a term exceeding one year, Wilson's conduct that formed the basis for his federal conviction — possessing a firearm — did not violate § 922(g).

Accordingly, we reverse Wilson's conviction and remand for further proceedings. We deny the motion to vacate as moot. The Clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED</u>