**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4950**

———————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

KERON TIMOTHY MCHUGH,

　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:10-cr-00405-TDS-1)

———————

Submitted:  December 16, 2011    Decided:  December 20, 2011

———————

Before MOTZ, KING, and DAVIS, Circuit Judges.

———————

Vacated, reversed in part, and remanded by unpublished per
curiam opinion.

———————

Seth Allen Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North
Carolina, for Appellant.  Clifton Thomas Barrett, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keron Timothy McHugh pled guilty to four counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and carrying and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1) (2006). The § 922(g) charges were supported by McHugh's prior North Carolina convictions for larceny of a firearm and breaking and entering a motor vehicle. On account of his prior record, McHugh faced a maximum possible sentence of less than one year under North Carolina law for his predicate state offenses. McHugh appealed, and has filed an unopposed motion to vacate and remand, arguing that his prior state convictions were not "punishable by imprisonment for a term exceeding one year."

We recently held that, when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancement purposes, the Controlled Substance Act's inclusion of offenses "punishable by imprisonment for more than one year" refers to the maximum sentence that the defendant in question could have received, not the sentence that could have been imposed on a defendant with a more severe criminal history or one subject to an aggravated sentence. United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011) (en banc). The

2

reasoning in Simmons applies with equal force to predicate convictions as defined in 18 U.S.C. § 922(g)(1). See Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2586-87 (2010) (distinguishing between "conduct punishable as a felony" and conviction of a felony offense); Simmons, 649 F.3d at 247 (concluding that the North Carolina Structured Sentencing Act "creates separate offenses that in turn yield separate maximum punishments"). Thus, because McHugh's underlying state convictions were not punishable by a term exceeding one year, McHugh's conduct that formed the basis for his federal conviction — possessing a firearm — did not violate § 922(g).

Accordingly, we grant McHugh's motion, vacate the district court's judgment, reverse McHugh's § 922(g) convictions and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED,
REVERSED IN PART,
AND REMANDED

3