Justice THOMAS, dissenting.
A plain reading of 18 U.S.C. § 924(c)(2) identifies two requirements that must be satisfied for a state offense to qualify as a "felony punishable under the Controlled Substances Act [ (CSA) ]." "First, the offense must be a felony; second, the offense must be capable of punishment under the [CSA]." Lopez v. Gonzales, 549 U.S. 47, 61, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) (THOMAS, J., dissenting). Moncrieffe's offense of possession of marijuana with intent to distribute satisfies both elements. No one disputes that Georgia punishes Moncrieffe's offense as a felony. See Ga.Code Ann. § 16-13-30(j)(2) (Supp.2012). ("Except as otherwise provided in subsection (c) of Code Section 16-13-31 or in Code Section 16-13-2, any person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years").[1] And, the offense is "punishable under the [CSA]," 18 U.S.C. § 924(c)(2), because it involved "possess[ion] with intent to manufacture, distribute, or dispense, a controlled substance," 21 U.S.C. § 841(a)(1). Accordingly, Moncrieffe's offense is a "drug trafficking crime," 18 U.S.C. § 924(c)(2), which constitutes *208 an "aggravated felony" under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(B).[2]
The Court rejected the plain meaning of 18 U.S.C. § 924(c)(2) in Lopez, 549 U.S., at 50, 127 S.Ct. 625. There, the defendant was convicted of a state felony, but his offense would have been a misdemeanor under the CSA. Id., at 53, 127 S.Ct. 625. The Court held that the offense did not constitute a " 'felony punishable under the [CSA]' " because it was not "punishable as a felony under that federal law." Id., at 60, 127 S.Ct. 625 (quoting § 924(c)(2) ; emphasis added). I dissented in Lopez and warned that an inquiry into whether a state offense would constitute a felony in a hypothetical federal prosecution would cause "significant inconsistencies." Id., at 63, 127 S.Ct. 625. I explained that one such inconsistency would arise if an alien defendant never convicted of an actual state felony were subject to deportation based on a hypothetical federal prosecution. Id., at 67, 127 S.Ct. 625.
*1695 This precise issue arose in Carachuri-Rosendo v. Holder, 560 U.S. ----, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). Instead of following the logic of Lopez, however, the Court contorted the law to avoid the harsh result compelled by that decision. In Carachuri-Rosendo, the defendant was convicted of a crime that the State categorized as a misdemeanor, but his offense would have been a felony under the CSA because he had a prior conviction. 560 U.S., at ----, 130 S.Ct., at ----. The Court held that the offense did not constitute an "aggravated felony" because the state prosecutor had not charged the existence of a prior conviction and, thus, the defendant was not "actually convicted of a crime that is itself punishable as a felony under federal law." Id., at ----, 130 S.Ct., at 2589. Concurring in the judgment, I *209 explained that the Court's decision was inconsistent with Lopez because the defendant's conduct was punishable as a felony under the CSA, but that Lopez was wrongly decided and that a proper reading of § 924(c)(2) supported the Court's result. 560 U.S., at ----, 130 S.Ct., at 2580. Carachuri-Rosendo's crime of conviction was a state-law misdemeanor and, as a result, it did not qualify as a "felony punishable under the [CSA]." See ibid.
I declined to apply Lopez in Carachuri-Rosendo, and I am unwilling to apply it here. Indeed, the Court itself declined to follow the logic of Lopez to its natural end in Carachuri-Rosendo . And, now the majority's ill-advised approach once again leads to an anomalous result. It is undisputed that, for federal sentencing purposes, Moncrieffe's offense would constitute a federal felony unless he could prove that he distributed only a small amount of marijuana for no remuneration. Cf. United States v. Outen, 286 F.3d 622, 637-639 (C.A.2 2002) (Sotomayor, J.) (agreeing with the Government that 21 U.S.C. § 841(b)(4) is a mitigating exception to the "default provision" under § 841(b)(1)(D) and that it need not negate the § 841(b)(4) factors to support a sentence under § 841(b)(1)(D) ). But, the Court holds that, for purposes of the INA, Moncrieffe's offense would necessarily correspond to a federal misdemeanor, regardless of whether he could in fact prove that he distributed only a small amount of marijuana for no remuneration. Ante, at 1687 - 1688 (asserting that neither § 841(b)(1)(D) nor § 841(b)(4) is the "default" provision). The Court's decision, thus, has the effect of treating a substantial number of state felonies as federal misdemeanors, even when they would result in federal felony convictions.
The majority notes that "[t]his is the third time in seven years that we have considered whether the Government has properly characterized a low-level drug offense as ... an 'aggravated felony.' " Ante, at 1693. The Court has brought this upon itself. The only principle uniting Lopez, Carachuri-Rosendo, and the decision today appears to be *210 that the Government consistently loses. If the Court continues to disregard the plain meaning of § 924(c)(2), I expect that these types of cases will endlessly-and needlessly-recur.
I respectfully dissent.

"Alien" is the term used in the relevant provisions of the Immigration and Nationality Act, and this term does not encompass all noncitizens. Compare 8 U.S.C. § 1101(a)(3) (defining "alien" to include "any person not a citizen or national of the United States") with § 1101(a)(22) (defining "national of the United States"). See also Miller v. Albright, 523 U.S. 420, 467, n. 2, 118 S.Ct. 1428, 140 L.Ed.2d 575 (1998) (GINSBURG, J., dissenting).

The Court's disagreement with this proposition, ante at 1688, n. 8, is difficult to understand. If, as 8 U.S.C. § 1101(a)(43) quite plainly suggests and the Court has held, a state conviction can qualify as an "aggravated felony," we must determine what is meant by a state "offense" that is a "felony punishable under the [CSA]." There is no way to do this other than by identifying a set of relevant conduct and asking whether, based on that conduct, the alien could have been convicted of a felony if prosecuted under the CSA in federal court. In rejecting what it referred to as a "hypothetical approach," the Carachuri-Rosendo Court was addressing an entirely different question, specifically, which set of conduct is relevant. Carachuri-Rosendo v. Holder, 560 U.S. ----, ---- - ----, 130 S.Ct. 2577, 2584, 2588-2589, 177 L.Ed.2d 68 (2010). We held that the relevant set of conduct consisted of that which was in fact charged and proved in the state-court proceeding, not the set of conduct that could have been proved in a hypothetical federal proceeding.