FUENTES, Circuit Judge,
concurring in part and dissenting in part.
I agree with the Majority’s holding that “individual retirement funds and jointly-held bank accounts can be available funds within the meaning of the Criminal Justice Act.” Majority typescript at 345. Because the Defendant, Joseph Konrad, failed to disclose all of his “available funds” before being appointed a Federal Defender, the District Court properly ordered him to reimburse the Government. My disagreement with the Majority concerns what constitutes “reimbursement” under § 3006A(f) of the Criminal Justice Act (“CJA”). The “reimbursement provision” of the CJA provides, in pertinent part:
Whenever ... the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid ... - to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.
18 U.S.C. § 3006A(f).
The District Court considered the following three methods for determining the amount of reimbursement owed by Konrad under § 3006A(f): (1) using the hourly rate for court-appointed CJA attorneys in the Eastern District of Pennsylvania; (2) structuring an hourly rate for the Federal Defenders, who are salaried; and (3) calculating the market value of the legal services Konrad received. United States v. Konrad, Criminal Action No. 11-15, 2011 WL 6739464, at *7 (E.D.Pa. Dec. 21, 2011). Ultimately it employed the third method and ordered Konrad to reimburse the Clerk of Court in an amount equal to what it would have cost him to hire a private defense attorney. The District Court rea *353 soned that “[cjhoosing the CJA rate or structuring an hourly rate for the federal defender’s services would not be an adequate measure of the benefit that the Defendant received.” Id.
On appeal we have been asked to determine whether the methodology chosen by the District Court to calculate the reimbursement amount was proper. This requires us to answer an antecedent question of law: what does the term “reimbursement to the appropriation” mean in the context of § 3006A of the CJA? The Majority Opinion affirms the District Court, concluding that it “did not err in ordering Konrad to pay the $6,000 cost of private legal representation.”[1] Majority typescript at 352. However, I agree with Ko-mad that the reimbursement determination should have been based on the amount of money it actually cost the Federal Defender to represent him.
In cases of statutory interpretation “we begin by looking at the terms of the provisions [at issue] and the commonsense conception of those terms.” Carachuri-Ro-sendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 2585, 177 L.Ed.2d 68 (2010) (internal quotation marks omitted). As the Supreme Court has emphasized, in “all” cases “[t]he inquiry ceases if the statutory language is unambiguous.” Barnhart v. Sig-mon Coal Co., Inc., 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002) (internal quotation marks omitted). Thus, we turn first to the text of the reimbursement provision itself, which again provides that:
Whenever ... the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid ... to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.
18 U.S.C. § 3006A(f) (emphasis added).
We have previously stated that the “plain and ordinary meaning” of the term reimburse is “ ‘[t]o pay back, to make restoration, to repay that expended; to indemnify, or make whole.’ ” Liberty Lin-colm-Mercury v. Ford Motor Co., 134 F.3d 557, 566 (3d Cir.1998) (quoting Black’s Law Dictionary 1287 (6th ed.1990)); see also Reimburse Definition, Merriam-Webster.com, http://www.merriam-webster. com/dictionary/reimburse (last visited July 24, 2013) (defining “reimburse” as “to pay back to someone: repay,” or “to make restoration or payment of an equivalent to”). Moreover, the word “appropriation” is defined as “money set aside by formal action for a specific use.” Appropriation Definition, Merriam-Webster.com, http:// www.merriam-webster.com/dictionary/ appropriation (last visited July 24, 2013). Thus, § 3006A(f)’s edict that a court may order “payment from or on behalf of a person furnished representation ... as a reimbursement to the appropriation” plainly means that a court may order a defendant to repay the money that has been expended or set aside by the Government to pay for his representation.
The problem with the “benefit” approach taken by the District Court is that it has no relation to the amount that it actually cost the Government to represent Konrad, which is the only thing that the reimbursement provision contemplates. The District Court ordered that Konrad pay $6,000 to the Clerk of Court, to be credited to the Defender Services appro *354 priation. See App. 8; 7A Guide to Judiciary Policy § 230.40(c). However, the Federal Defender argues that its representation of Konrad cost, at most, $1,875. Appellant Br. at 23. In effect, the District Court ordered Konrad to “reimburse” the Government for costs it never incurred. Having the Government profit from a court’s reimbursement order is antithetical to the very concept of reimbursement.
I understand the Majority’s policy concern that limiting the amount of reimbursement to what was actually expended on Konrad’s behalf would allow Konrad to “benefit from his incomplete, undervalued or untruthful financial disclosures by receiving legal services at a fraction of the cost.” Majority typescript at 352. However, individuals who knowingly provide false or incomplete information on a sworn financial affidavit may be charged with perjury, a felony punished by up to five years in prison. See, United States v. Page, Nos. 10-CR-30053-04-MJR, 10-30136-MJR, 2011 WL 2224674 (S.D.I11. June 8, 2011); 18 U.S.C. § 1621. I doubt that the desire for subsidized legal costs will drive those with the means to pay for private counsel to risk a conviction and prison time for a randomly assigned public defender.
Furthermore, a number of district courts faced with this issue have ordered reimbursement in an amount meant to approximate what it actually cost the Government to represent the defendant. See United States v. Stevenson, Criminal No. 10-120, 2012 WL 1038832, at *4 (W.D.Pa. Mar. 28, 2012) (ordering defendant represented by Federal Defenders to reimburse the clerk of court in an amount equal to “the costs of his representation by the Federal Public Defender’s Office”); Page, 2011 WL 2224674 (ordering defendant represented by CJA-appointed attorney to reimburse the clerk of court the amount that “was expended from the Treasury for CJA representation”); United States v. Bedoya, No. 89 CR. 803(JMC), 1990 WL 194934, at *4 (S.D.N.Y. Nov.28, 1990) (ordering defendant represented by CJA-appointed attorney to reimburse the clerk of court in an amount equal to the “costs of legal fees expended for his defense under the [CJA]”). Accordingly, I would remand the case to the District Court with instructions to reduce the amount of reimbursement to an amount approximate to what it cost the Federal Defenders to represent Konrad in this case.[2]

. While it is true that we review a district court's fixing of compensation and reimbursement under the CJA for abuse of discretion, see United States v. Parker, 439 F.3d 81, 99 (2d Cir.2006), we exercise plenary review over a district court's interpretation of the terms of the statute, see United States v. Williams, 675 F.3d 275, 277 (3d Cir.2012). Because this question involves a matter of statutory interpretation, our standard of review is plenary.

. We would review the District Court's calculation of this amount for an abuse of discretion. I note that, while the Majority is correct to point out that the CJA rate is not an accurate accounting of the Federal Defenders representation costs (as the Federal Defenders receive a salary), district courts have used the CJA rate as an approximation for the cost of the Federal Defender. See, e.g., United States v. Meyer, No. CR-13-777-PHX-ROS, 2013 WL 3353771, at *4 (D.Ariz. July 3, 2013) (ordering defendant represented by Federal Defender to reimburse clerk of court "at the current CJA hourly rate times the number of hours plus the costs of defense”).