**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5070**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CORNELL BREON RILLEY HARPER,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:10-cr-00008-F-1)

Submitted:  September 15, 2011      Decided:  September 30, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP AND WINTHROP, Statesville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornell Breon Rilley Harper pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). Harper moved to withdraw his guilty plea in light of the Supreme Court's decision in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S. Ct. 2577 (2010), but that motion was denied. The district court sentenced Harper to 102 months' imprisonment. Harper appealed, arguing that his prior conviction was not punishable by imprisonment for a term exceeding one year and, thus, could not serve as a predicate conviction pursuant to 18 U.S.C. § 922(g)(1). Harper also moves to vacate his conviction and remand the case to the district court. In light of United States v. Simmons, ___ F.3d ___, No. 08-4475, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we reverse.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Harper's prior North Carolina state conviction was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting out minimum and maximum sentences applicable under North Carolina's structured sentencing scheme). When Harper raised this argument in the district court, it was foreclosed by our decision in United

2

States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in Simmons, in which we sustained a similar argument in favor of the defendant. In view of our holding in Simmons, we reverse Harper's conviction, deny as moot the motion to vacate, and remand the case to the district court for further proceedings. The clerk is directed to issue the mandate forthwith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED