<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5139**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

TYRAN MATRICE BRACE,

                 Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:09-cr-00136-MR-1)

Submitted: September 22, 2011      Decided: September 30, 2011

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Angela G. Parrott, Assistant Federal Defenders, Erin K. Taylor, Research and Writing Attorney, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyran Matrice Brace pled guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) (2006), reserving his right to appeal the issue of whether his prior conviction was punishable by more than one year of imprisonment. The offense in question was a prior conviction for conspiracy to commit breaking and entering, pursuant to which a defendant with a criminal record similar to Brace's faced a maximum possible sentence of ten months under North Carolina law.

Brace appealed, arguing that his prior conviction was not "punishable by imprisonment for a term exceeding one year" under the Supreme Court's decision in Carrachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). We recently held that, when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancement purposes, the Controlled Substance Act's inclusion of offenses "punishable by imprisonment for more than one year" refers to the maximum sentence that the defendant in question could have received, not the sentence that could have been imposed on a defendant with a more severe criminal history or one subject to an aggravated sentence. United States v. Simmons, No. 08-4475, ___ F.3d ___, 2011 WL 3607266, at *3 (4th Cir. Aug. 17, 2011) (en banc). The

2

reasoning in Simmons applies with equal force to predicate convictions as defined in 18 U.S.C. § 922(g)(1). See Carachuri-Rosendo, 130 S. Ct. at 2586-87 (distinguishing between "conduct punishable as a felony" and conviction of a felony offense); Simmons, 2011 WL 3607266, at *8 (concluding that the North Carolina Structured Sentencing Act "creates separate offenses that in turn yield separate maximum punishments"). Thus, because Brace's underlying conviction was not punishable by a term exceeding one year, Brace's conduct — possessing a firearm — did not violate § 922(g).

Accordingly, we reverse Brace's conviction and sentence and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

---

[*] This disposition conveys no criticism of either the Government or the district court, both of which dutifully applied circuit precedent at the time of Brace's prosecution and sentencing that was then authoritative but that was later reversed by Simmons. See United States v. Harp, 406 F.3d 242 (4th Cir. 2005).