# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2011

No. 09-50926

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REYNALDO BARRON-MARTINEZ, also known as Martin Sanchez, also
know as Benjamin Navarro-Hernandez, also known as Martin Espinoza, also
know as Manuel Ayala,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1428-1

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Because of two later judicial decisions, the sentence must be vacated and
the case remanded for resentencing.

Following defendant's plea of guilty the district court sentenced him to 36
months of imprisonment, which was an upward variance over the Guidelines
because of his under-represented criminal history. In calculating the Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

range the court imposed an eight-point enhancement of the offense level due to the treatment of a second state conviction for possession of a controlled substance as an aggravated felony under § 2L1.2. Thereafter the Supreme Court held that the second conviction could be an aggravated felony only if it was actually a recidivist felony conviction. *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010).

Because the court must consider the correct Guidelines range before deciding upon the sentence to impose, the question remains of whether the court's error was harmless. After the briefs were filed here, our court held that "the harmless error doctrine requires the proponent of the sentence to convincingly demonstrate that the court actually *would* have followed the very same reasoning absent the error." *United States v. Ibarra-Luna*, 628 F.3d 712, 717 (5th Cir. 2010)(emphasis in original). "On these facts, the government has not met its burden to convincingly demonstrate that the court would have imposed the very [same] sentence if it had not made an erroneous calculation. We must therefore VACATE [the defendant's] sentence and REMAND to the district court for resentencing." *Id.* at 719.

SENTENCE VACATED; REMANDED FOR RESENTENCING.