**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4916**

---

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

ROBERT A. GARMON,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00164-RJC-1)

---

Submitted: September 19, 2011      Decided: October 12, 2011

---

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

Claire J. Rauscher, Executive Director, Emily Marroquin, Ross H. Richardson, Assistant Federal Defenders, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert A. Garmon pled guilty to being in possession of a firearm after "having been previously convicted of, [sic] one or more crimes punishable by imprisonment for a term exceeding one year," in violation of 18 U.S.C. § 922(g)(1) (2006). Garmon pled guilty without the benefit of a plea agreement. However, prior to the district court's acceptance of his guilty plea, Garmon filed what the district court construed as a motion to dismiss the indictment. Garmon argued that, under Carachuri v. Rosendo v. Holder, 130 S. Ct. 2577 (2010), none of his prior convictions were "punishable" by a term of imprisonment exceeding one year based on his prior record level. It is undisputed that all of Garmon's prior offenses were North Carolina convictions and were class H felonies. For the first two offenses, conspiracy to commit breaking and entering and larceny and possession of a stolen automobile, his prior record level was I. For his third offense, attempted larceny, his prior record level was II. Garmon was not sentenced in the aggravated range. Therefore, Garmon faced a maximum sentence of six months for the first two offenses and eight months for the third offense. N.C. Gen. Stat. § 15A-1340.17(c), (d) (2009).

The district court denied Garmon's motion to dismiss, but agreed to the parties' stipulation that Garmon's guilty plea was subject to the condition that he could appeal any decision

2

made regarding his predicate offenses. The district court then accepted Garmon's conditional guilty plea, and sentenced him to twenty-one months in prison. Garmon appealed. We reverse his conviction and remand for further proceedings.

On appeal, Garmon argues that although he has three prior North Carolina convictions, for none of them could he have received a sentence exceeding one year of imprisonment. Therefore, he contends, the district court erred in denying his motion to dismiss the indictment. In reviewing the denial of a motion to dismiss an indictment, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005).

Under 18 U.S.C. § 922(g), it is unlawful for one previously convicted of a felony to "possess in or affecting commerce, any firearm or ammunition." The provision defines a felony as a conviction "in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g). At the time the district court denied Garmon's motion to dismiss, his argument that he had no prior felony convictions in the district court was foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005). Subsequently, however, this court has overruled Harp in our en

banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011).

In view of our holding in <u>Simmons</u>, we agree with Garmon that his three prior state convictions, for which he faced a maximum of either six months (first two convictions) or eight months (third conviction), are not felonies as defined in § 922(g). Accordingly, we reverse the district court's judgment and remand the case to the district court for proceedings consistent with this opinion.[*] In light of our disposition, we deny Garmon's motion to vacate and remand as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process. The clerk is directed to issue the mandate forthwith.

<u>REVERSED AND REMANDED</u>

---

[*] We of course do not fault the Government or the district court for relying upon unambiguous circuit authority at the time of Garmon's conviction.