**ON REHEARING**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5084**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MOREY BERNAL CHAMPION,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:08-cr-00381-FL-1)

Submitted:  September 30, 2011      Decided:  October 18, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Morey Bernal Champion pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006), conditioned on his appeal of the district court's denial of his motion to dismiss the indictment. The district court sentenced Champion to fifty-one months of imprisonment. This court affirmed his conviction on appeal in reliance upon our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). See United States v. Champion, 384 F. App'x 245 (2010) (unpublished). We subsequently granted Champion's petition for rehearing, based upon the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). Champion has now filed a motion to vacate his conviction based on this court's recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). For the reasons that follow, we reverse Champion's conviction.

Champion's prior conviction for possession with intent to deliver marijuana was a Class I felony under North Carolina law. Moreover, at the time of his conviction, his prior record level was I. Under North Carolina law, the maximum term of imprisonment for a Class I felony with a record level of I and no finding by the sentencing court of aggravating or mitigating

3

factors is eight months.  See N.C. Gen. Stat. § 15A-1340.17(c), (d) (2007).  Therefore, Champion could not have received a term of imprisonment exceeding twelve months for his prior conviction.

In Simmons, we determined that an offense is not punishable by a term exceeding one year of imprisonment if the defendant could not have actually received more than one year of imprisonment for that offense, based on his prior criminal history and other factors.  As Champion could not have received a term exceeding one year of imprisonment for his prior offense, he did not have a qualifying predicate offense for a conviction under § 922(g)(1).  Therefore, Champion is innocent of the offense of conviction.

Accordingly, we reverse the judgment, deny Champion's motion as moot, and remand for further proceedings.  The clerk is directed to issue the mandate forthwith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED