Vacated by Supreme Court, October 4, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4257**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL LEWIS WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (5:08-cr-00224-BO-1)

Submitted: January 5, 2010          Decided: January 25, 2010

Before WILKINSON, MICHAEL, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lewis White pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). White subsequently moved to withdraw his guilty plea and the district court denied his motion. The court sentenced White to 120 months of imprisonment and White now appeals. Finding no error, we affirm.

On appeal, White argues that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (citation omitted). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted. Id.

White argues that he was legally innocent of violating § 922(g)(1) because his prior convictions for possession with intent to distribute cocaine, possession with intent to distribute marijuana, possession of cocaine, and possession of stolen property were not punishable by a term of imprisonment exceeding one year. While White's argument is concededly foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005), he argues that the subsequent decisions in United

2

States v. Rodriguez, 553 U.S. 337 (2008), and United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008), have undermined this court's holding in Harp. We have thoroughly reviewed the record and the relevant legal authorities and conclude that our holding in Harp is consistent with the Supreme Court's decision in Rodriguez. Further, to the extent Pruitt may be inconsistent with Harp, decisions by our sister circuits are simply not binding upon this court.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED