**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4257**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

MICHAEL LEWIS WHITE,

                Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 09-10491)

Submitted:  September 15, 2011        Decided:  October 20, 2011

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lewis White pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). White then moved to withdraw his guilty plea, arguing that he did not have any prior convictions that were punishable by a term of imprisonment exceeding one year. The district court denied his motion and sentenced White to 120 months of imprisonment. This court affirmed his conviction on appeal in reliance upon our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). See United States v. White, 362 F. App'x 348 (2010) (unpublished). The Supreme Court granted White's petition for certiorari, vacated the judgment, and remanded the appeal to this court for reconsideration in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). See White v. United States, 131 S. Ct. 84 (2010). For the reasons that follow, we reverse White's conviction.

This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (citation omitted). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted. Id. (citation omitted). In deciding whether to permit

2

a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citation omitted).

White argued that he was legally innocent of the offense of conviction because none of his prior convictions qualified as predicate offenses for conviction. White is correct. White's prior convictions consisted of Class H and Class I felonies under North Carolina law. Moreover, at the time of his convictions, his prior record level was never above a level II. Under North Carolina law, the maximum term of imprisonment for a Class H felony with a record level of II is twelve months and the maximum term for a Class I felony is ten months. See N.C. Gen. Stat. § 15A-1340.17(d) (2007). Therefore, White could not have received a term of imprisonment exceeding twelve months for any of his prior convictions.

In United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), we determined that an offense is not punishable

by a term exceeding one year of imprisonment if the defendant could not have actually received more than one year of imprisonment for that offense, based on his prior criminal history and other factors. As White could not have received a term exceeding one year of imprisonment for his prior offenses, he did not have a qualifying predicate offense for a conviction under § 922(g)(1). Therefore, White is legally innocent of the offense of conviction.

Accordingly, we reverse the judgment and remand for further proceedings. The clerk is directed to issue the mandate forthwith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED</u>

4