**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4267**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEBRAE ODERO BROWN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (2:10-cr-00019-D-1)

———————

Submitted: September 30, 2011      Decided: October 21, 2011

———————

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

———————

Reversed and remanded by unpublished per curiam opinion.

———————

Stephen Clayton Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kebrae Odero Brown pled guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) (2006), reserving his right to appeal the issue of whether his prior state convictions were punishable by more than one year of imprisonment. The offenses in question were prior North Carolina convictions for possession of burglary tools and attempted breaking and entering; for each of these offenses Brown faced a maximum possible sentence of ten months under North Carolina law.

Brown appealed, arguing that neither of his prior convictions was "punishable by imprisonment for a term exceeding one year" under the Supreme Court's decision in Carrachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). We recently held that, when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancement purposes, the Controlled Substance Act's inclusion of offenses "punishable by imprisonment for more than one year" refers to the maximum sentence that the defendant in question could have received, not the sentence that could have been imposed on a defendant with a more severe criminal history or one subject to an aggravated sentence. United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011) (en banc). Thus, because neither of Brown's underlying

2

North Carolina convictions was punishable by a term exceeding one year, Brown's conduct that formed the basis for his federal conviction — possessing a firearm — did not violate § 922(g).

Accordingly, we reverse Brown's conviction and remand for further proceedings.[*] The clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

---

[*] This disposition conveys no criticism of either the Government or the district court, both of which dutifully applied circuit precedent at the time of Brown's prosecution and sentencing that was later reversed by Simmons. See United States v. Harp, 406 F.3d 242 (4th Cir. 2005).

3