**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-5320**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAWAUN JERMEL SMITH,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:10-cr-00019-WO-1)

─────────

Submitted:  October 14, 2011          Decided:  January 4, 2012

─────────

Before KING, GREGORY, and DAVIS, Circuit Judges.

─────────

Reversed and remanded by unpublished per curiam opinion.

─────────

Louis  C.  Allen,  Federal  Public  Defender,  William  C.  Ingram,
First  Assistant  Federal  Public  Defender,  Greensboro,  North
Carolina,  for  Appellant.   Michael  A.  DeFranco,  Assistant  United
States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jawaun Jermel Smith pled guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) (2006), but reserved his right to appeal the issue of whether his prior conviction was punishable by more than one year of imprisonment. The offense in question was a prior North Carolina conviction for possession with intent to sell and deliver cocaine. A defendant with a criminal record similar to Smith's faced a maximum possible sentence of less than one year under North Carolina law for this offense. Smith appealed, arguing that his prior state conviction was not "punishable by imprisonment for a term exceeding one year." The parties have filed a joint motion to vacate Smith's conviction.

We recently held that, when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancement purposes, the Controlled Substance Act's inclusion of offenses "punishable by imprisonment for more than one year" refers to the maximum sentence that the defendant in question could have received, not the sentence that could have been imposed on a defendant with a more severe criminal history or one subject to an aggravated sentence. United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011) (en banc). The reasoning in Simmons applies with equal force to predicate

2

convictions as defined in 18 U.S.C. § 922(g)(1).  See Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2586-87 (2010) (distinguishing between "conduct punishable as a felony" and conviction of a felony offense); Simmons, 649 F.3d at 247 (concluding that the North Carolina Structured Sentencing Act "creates separate offenses that in turn yield separate maximum punishments").  Thus, because Smith's underlying state conviction was not punishable by a term exceeding one year, Smith's conduct that formed the basis for his federal conviction — possessing a firearm — did not violate § 922(g).

Accordingly, we reverse Smith's conviction and remand for further proceedings.  We deny the motion to vacate as moot. The Clerk is directed to issue the mandate forthwith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED