[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14997
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00398-JDW-TBS

JIMMY LEE FIELDS,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - USP 1,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 19, 2012)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jimmy Lee Fields, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. The district court dismissed Fields's petition because he had previously been denied relief on a 28 U.S.C. § 2255 motion, and he had not demonstrated that he was entitled to pursue his claims under 28 U.S.C. § 2255(e)'s savings clause. Fields is currently serving a life sentence for conspiracy to possess with intent to distribute cocaine and cocaine base.

We review *de novo* the availability of habeas relief under 28 U.S.C. § 2241. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). A federal prisoner must ordinarily bring any collateral attacks on the validity of his conviction or sentence under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under the limited circumstances stated in § 2255(e)'s savings clause, a federal prisoner may file a habeas petition pursuant to § 2241. *See* 28 U.S.C. §§ 2241(a), 2255(e). Relief under § 2241 is only available if the prisoner can show that a § 2255 proceeding is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam). The statutory bar that prohibits a prisoner from filing a second or successive § 2255 motion without prior authorization is not a sufficient ground to show that § 2255's remedy is inadequate or ineffective for the purposes

2

of the savings clause. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 1001 (2012).

We have held that § 2255 remedies may be considered inadequate when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) that decision's holding established that the prisoner was convicted of a "nonexistent offense"; and (3) circuit law foreclosed the prisoner from bringing his claim at the earlier time it should have been raised—at trial, appeal, or in the first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *but see Gilbert*, 640 F.3d at 1319. A prisoner must establish all three prongs of this test before we will consider whether the petitioner can also establish actual innocence of the crime for which he has been convicted. *Wofford*, 177 F.3d at 1244.

Fields argues that the Supreme Court's decisions in *DePierre v. United States*, 131 S. Ct. 2225 (2011) and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) are retroactive and establish that he was convicted of a nonexistent offense. In *DePierre*, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b)(1), refers to not just crack cocaine, but any cocaine in its chemically basic form. 131 S. Ct. at 2227–28. In *Carachuri-Rosendo*, the Supreme Court held—in the context of an immigration proceeding—that "when a

3

defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [8 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2)." 130 S. Ct. at 2589.

Here, the indictment against Fields alleged that he distributed "cocaine base" and the evidence showed that Fields's offense had involved crack cocaine. Fields was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, and he received a sentence of life imprisonment because he had been convicted of two prior drug violations. Fields has not shown that *DePierre* and *Carachuri-Rosendo* are retroactive, nor has he demonstrated that either applies to the facts of his case to demonstrate that he was convicted of a "nonexistent offense."

Fields also argues that the Fair Sentencing Act ("FSA") applies to him. The Supreme Court recently held that the FSA applies to those who committed acts prior to the passage of the FSA, but were sentenced following the August 3, 2010 effective date of the FSA. *See Dorsey v. United States*, Nos. 11-5683, 11-5721, 2012 WL 2344463, at *15 (U.S. June 21, 2012). However, Fields was sentenced prior to August 3, 2010, and thus the FSA does not retroactively apply to him.

Because Fields has failed to demonstrate that he meets the criteria of the

savings clause of § 2255(e), he cannot proceed with his claims under a § 2241 petition.

**AFFIRMED.**