[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10049
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00493-JDW-TBS


SOLOMON SMITH,

                                                            Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-LOW,

                                                            Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 8, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Solomon Smith, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. Following his conviction under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846, and sentencing proceeding (resulting in a sentence of 240 months' imprisonment), Smith filed a 28 U.S.C. § 2255 motion, which was denied. He then filed the § 2241 petition at issue, asserting that he was actually innocent of the sentencing enhancement he received under §§ 841(b)(1)(A) and 851, which subjected him to a 20-year mandatory minimum because of a prior felony drug conviction in a Florida state court. On appeal, Smith argues that he is entitled to relief under § 2241 through § 2255(e)'s savings clause based on Carachuri-Rosendo v. Holder, 560 U.S. ___, 130 S.Ct. 2577 (2010), because the government failed to prove that he had a prior conviction for a felony drug offense, as he received only probation for the Florida conviction. After careful review, we affirm.

We review de novo the availability of habeas relief under § 2241. Sawyer v. Holder, 326 F.3d 1363, 1365 n.4 (11th Cir. 2003). Ordinarily, collateral challenges to the validity of a federal conviction and sentence must be brought under § 2255. Id. at 1365. When a federal prisoner previously has filed a § 2255 motion to vacate, he must obtain prior authorization from a court of appeals to file a second or successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Under the savings

2

clause of § 2255(e), however, a prisoner may file a § 2241 petition if he establishes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999) (quotation omitted). But the restrictions on successive § 2255 motions, standing alone, do not render that section inadequate or ineffective. Id. at 1245.

Rather, the savings clause applies to an otherwise barred claim only when (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time that it otherwise should have been raised at trial, on appeal, or in a prior § 2255 motion. Id. at 1244. The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[1] A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim. See Wofford, 177 F.3d at 1244 n.3.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

We recently addressed the issue of whether the savings clause permitted a federal prisoner to challenge his sentence in a § 2241 petition when the § 2255(h) bar against successive § 2255 motions prevented him from raising that sentencing claim. Gilbert v. United States, 640 F.3d 1293, 1295 (11th Cir. 2011) (en banc) ("Gilbert II"), cert. denied, 132 S.Ct. 1001 (2012). We held that the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Id. at 1323. However, we specifically declined to address whether the savings clause would authorize a federal prisoner to bring a § 2241 petition if his sentence exceeded the statutory maximum. Id.

We also noted in Gilbert II that certain language in Wofford was merely dicta because all of Wofford's claims were sentencing claims, none of which rested upon a circuit law-busting, retroactively applicable Supreme Court decision. Id. at 1319 (referring to language in Wofford indicating that "the savings clause would permit a prisoner to bring a § 2241 petition claiming that a retroactively applicable, circuit law-busting decision of the Supreme Court established that he had been convicted of a nonexistent crime"). Moreover, the actual holding of Wofford was that the savings

4

clause does not cover sentence claims that could have been raised in earlier proceedings. Id.

In Carachuri-Rosendo, the Supreme Court addressed whether a removable lawful permanent resident was eligible for cancellation of removal under 8 U.S.C. § 1229b(a), which turned on whether he had been convicted of an "aggravated felony." Carachuri-Rosendo, 130 S.Ct. at 2580. The petitioner in Carachuri-Rosendo had been convicted in state court for simple possession of Xanax and sentenced to 10 days in jail. Id. at 2580, 2583. He previously had been convicted for marijuana possession. Id. at 2580. The government initiated removal proceedings, and the immigration judge deemed him ineligible for cancellation of removal on aggravated-felony grounds. Id. at 2583. The BIA and the Fifth Circuit both affirmed, with the latter concluding that the conduct proscribed by his Xanax offense was punishable as a felony under the Controlled Substances Act ("CSA"), which in turn qualified the conviction as an aggravated felony. Id. at 2583-84.

The Supreme Court rejected the Fifth Circuit's use of a "hypothetical approach" that rendered a state conviction an aggravated felony conviction wherever the conduct could possibly have received felony treatment under federal law. Id. at 2586. The Court held that second or subsequent simple possession offenses are not aggravated felonies under 8 U.S.C. § 1101(a)(43) when, as in the petitioner's case,

5

the state conviction was not based on the fact of a prior conviction. Id. at 2580. In so holding, the Court emphasized, in relevant part, the importance of the mandatory notice and process requirements contained in § 851. Id. at 2587-88.

Here, Smith challenges the validity of his federal sentence, and, thus, § 2255 was the proper vehicle for asserting his claim. See Sawyer, 326 F.3d at 1365. But Smith previously had filed a § 2255 motion, which was denied on the merits. Thus, he could not circumvent the limitation on filing a second or successive § 2255 motion unless he could show that the remedy available under that statute was inadequate or ineffective to test the legality of his detention. See Wofford, 177 F.3d at 1238.

However, the statutory maximum sentence of imprisonment for a defendant convicted under § 841(a)(1) and sentenced under § 841(b)(1)(A)(iii) is life imprisonment, regardless of any aggravating sentencing factors. See 21 U.S.C. § 841(b)(1)(A). Having received a sentence of 20 years' imprisonment, Smith was not sentenced above the statutory maximum. Because Smith's sentence did not exceed the statutory maximum, his attempt to challenge his sentence through § 2255(e)'s savings clause is foreclosed. See Gilbert II, 640 F.3d at 1323.

**AFFIRMED.**