[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10142
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00675-JDW-TBS


FRANK STALLINGS,

Petitioner-Appellant,

versus


WARDEN, FCC COLEMAN - LOW,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 21, 2013)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Frank Stallings, a *pro se* federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2241 federal habeas corpus petition challenging his enhanced career-offender sentence in light of *Johnson v. United States*, 130 S. Ct. 1265 (2010), and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). Stallings' § 2241 petition challenges his 240-month sentence imposed upon conviction for conspiracy and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1). In his petition, Stallings acknowledges he previously filed a motion under 28 U.S.C. § 2255 that was denied. On appeal, Stallings argues the district court erred in dismissing his petition as a second or successive § 2255 motion because he was actually innocent of his U.S.S.G. § 4B1.1 enhancement, such that the savings clause of § 2255(e) applies.

The availability of habeas relief under § 2241 presents a question of law that we review *de novo*. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). The "savings clause" of § 2255, however, permits a federal prisoner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), we expressly held that the

2

§ 2255(e) savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Id.* at 1323.

The district court did not err in dismissing Stallings' petition. The claim raised by Stallings addressed the legality of his sentence and was therefore outside the scope of § 2241. *See Sawyer*, 326 F.3d at 1365. Stallings may not circumvent the statutory restriction on successive § 2255 motions simply by filing his current petition under § 2241. *See Gilbert*, 640 F.3d at 1308. Stallings' 240-month sentence does not exceed either the unenhanced 40-year statutory maximum sentence, or the enhanced statutory maximum sentence of life for a defendant with a prior felony drug offense, given his concession on appeal that his Florida cocaine-trafficking conviction was a predicate offense for § 851 enhancement purposes. 21 U.S.C. § 841(b)(1)(B). Because Stallings' 240-month sentence did not exceed the statutory maximum, he may not rely on the savings clause of § 2255(e) to bring his claim under § 2241. *See Gilbert*, 640 F.3d at 1323.

**AFFIRMED.**