**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6845**

———————

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

    v.

KENYAR ANDRAKIOS GLOVER,

                 Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:07-cr-00032-MR-2)

———————

Submitted: July 18, 2013          Decided: July 23, 2013

———————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kenyar Andrakios Glover, Appellant Pro Se. Thomas Richard Ascik, Amy Elizabeth Ray, Assistant United States Attorneys, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenyar Glover appeals the district court order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for a sentence reduction under Guidelines Amendment 750. The district court denied the motion after finding Glover ineligible for a sentence reduction because his Guidelines range was driven by a statutory mandatory minimum due to a prior felony conviction. On appeal, Glover argues only that he should be resentenced because this predicate conviction no longer qualifies as a felony following the decisions in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). However, a § 3582(c)(2) motion is not a proper vehicle for raising such a challenge to a defendant's sentence. See 18 U.S.C. § 3582(c)(2) (permitting sentence reduction for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" by operation of retroactive Guidelines Amendment); Dillon v. United States, 130 S. Ct. 2683, 2690-92 (2010) (explaining that § 3582(c)(2) does not authorize full resentencing, but permits sentence reduction only within narrow bounds established by Sentencing Commission). Because Glover identifies no reversible error in the denial of his § 3582(c)(2) motion, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED