**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4752**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellant,

    v.

EDWARD MILLER BRANTLEY, JR.,

              Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:07-cr-00020-BO-1; 5:10-cv-00600-BO)

_____

Submitted: October 30, 2013      Decided: November 8, 2013

_____

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Eric D. Goulian, Assistant United States Attorneys, Raleigh, North Carolina, for Appellant. Richard A. McCoppin, MCCOPPIN & ASSOCIATES, Cary, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Miller Brantley, Jr., pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). The district court originally sentenced Brantley to 108 months of imprisonment, grounded in part on an enhancement under the career offender provision of the United States Sentencing Guidelines. See U.S.S.G. § 4B1.1. Brantley subsequently filed a 28 U.S.C.A. § 2255 (West Supp. 2013) motion, arguing that he did not qualify as a career offender, citing the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). The Government moved to dismiss the motion based in part on the waiver of appellate rights contained in Brantley's plea agreement. The district court, however, granted Brantley's motion and determined that the rule of Carachuri was retroactively applicable to cases on collateral review, Brantley's claim was cognizable on collateral review, and under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), Brantley no longer qualified as a career offender. The district court then resentenced Brantley to twenty-seven months of imprisonment.

The Government has appealed, arguing that Brantley waived his right to collaterally attack his sentence and that such a claim is not cognizable on collateral review. We review the validity of an appeal waiver de novo. United States v.

2

<u>Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005). We will enforce an appeal waiver to preclude a defendant from raising an issue if the waiver is valid and the issue on appeal is within the scope of the waiver. <u>Id.</u>; <u>see also</u> <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005) (defendant may waive the right to collaterally attack his conviction and sentence as long as the waiver is knowing and voluntary). We have thoroughly reviewed the record and conclude that Brantley's waiver of his appellate rights was knowing and voluntary and that the issue he sought to raise fell within the scope of that waiver. <u>See</u> <u>United States v. Copeland</u>, 707 F.3d 522, 528-30 (4th Cir. 2013), <u>cert. denied</u>, <u>Copeland v. United States</u>, No. 12-10514, 2013 WL 2370444 (U.S. Oct. 7, 2013).

Accordingly, we vacate the district court's order granting Brantley's § 2255 motion, vacate the sentence, and remand with instructions to re-enter the original judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>